## SEIM *v.* HURD.

### CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 141.   Argued December 17, 1913.—Decided February 24, 1914.

Where the separate elements of the combination are all old, and it is only the article resulting from the combination that is protected by the patent, there is no actual infringement by one purchasing the different elements unless and until the article itself is made; but if such purchaser does make that article with the separate elements he cannot escape liability on the ground that he purchased such elements from others.

Where none of the questions certified are apposite to the facts stated in the certificate, this court is not bound to, and will not, answer them.   The certificate will be dismissed.

THE certificate in this case is as follows:

"There arises in this case a question of law upon which this Court desires the instruction of the Supreme Court for its proper decision.

"It is therefore ordered that the statement and questions here following be certified to the Supreme Court as provided by the Sixth Section of the Act of March 3rd, 1891.

"United States Patent No. 554,675, was issued February 18, 1896, to Arthur W. Grant for Rubber Tired Wheel. The patentee immediately assigned the entire interest in said patent to the Rubber Tire Wheel Company. October 11, 1897, The Rubber Tire Wheel Company being the sole owner, sold and assigned to the complainant James D. Hurd an exclusive license and shop-right to put on rubber tires according to said patent in Berkshire County, Massachusetts; in the western part of Vermont and in seventeen counties in New York State, 'with the exclusive right to ship and sell the same throughout said territory and not elsewhere,' subject, however, to the rights of the Hartford Rubber Works Company, under a certain contract. Mr. Hurd immediately commenced and has ever since continued to operate under said patent in said territory.

"July 18, 1899, the owner of said patent conveyed the exclusive license to make and vend such tires throughout the United States to the Consolidated Rubber Tire Company, subject however to Hurd's rights and the Hartford Rubber Works Company contract.

"Much litigation has been had in reference to said patent. The following are the only cases important here, all of which were commenced after the exclusive license was granted to the complainant Hurd and in none of which was he a party to the action or in control of the action.

"The Circuit Court of Appeals in the Sixth Circuit, in the case of *Goodyear Tire & Rubber Co.* v. *The Rubber Tire Wheel Company,* 116 Fed. Rep. 363, held that the patent was invalid.

"The Court in the Second Circuit in the case of the

*Consolidated Rubber Tire Co.* v. *Finley Rubber Tire Co.,* 116 Fed. Rep. 629, held that the patent was valid.

"The Court in the Sixth Circuit in the case of *The Rubber Tire Wheel Co.* v. *The Victor Rubber Co.,* 123 Fed. Rep. 895, held that the patent was void.

"The Court in the Second Circuit, in the case of the *Consolidated Rubber Tire Co.* v. *Firestone Tire & Rubber Co.,* 147 Fed. Rep. 739, affirmed on appeal in 151 Fed. Rep. 237, held that the patent was valid and infringed.

"The Circuit Court of the District of Indiana in the case of the *Consolidated Rubber Tire Company and The Rubber Tire Wheel Co., D. B. Sullivan and Kenny & Sullivan* v. *Kokomo Co., D. C. Sparker, A. Lehman and G. W. Landan,* not reported, dismissed the complaint upon the pleadings, testimony and exhibits for want of equity, no opinion being written and the ground for the decision not being set forth in the order except that the complaint was dismissed 'for want of equity,' the case then being appealed by the complainants to the U. S. Circuit Court of Appeals of the Seventh Circuit, and thereupon dismissed thereafter.

"The Circuit Court of Appeals in the Second Circuit in the case of the *Consolidated Rubber Tire Co.* v. *Diamond Rubber Co. of New York,* 157 Fed. Rep. 678, and on rehearing 162 Fed. Rep. 892, held that the patent was valid and infringed by the defendant.

"The Supreme Court of the United States affirmed this decision in 220 U. S. 428, and held that the patent was valid and infringed by the defendant.

"None of these cases were for infringement in Hurd's exclusive territory.

"In view of the ruling of the Supreme Court in *Kessler* v. *Eldred,* 206 U. S. 285, the Court of Appeals in the Second Circuit inserted the following clause in the final decree in the case of the *Consolidated Rubber Tire Co.* v. *Diamond Rubber Co. of New York* (162 Fed. Rep. 895):

"'Nothing in this injunction shall prevent or is intended to prevent, or enjoin this defendant from handling, using and selling rubber tires and rims covered by the Grant patent, manufactured by the Goodyear Tire & Rubber Company, having a right to manufacture, use, and sell such tires under a judicial decree in the Federal courts of the Sixth Circuit; or manufactured by the Kokomo Rubber Company, having a right to manufacture, use and sell such tires under a judicial decree in the district of Indiana, Seventh Circuit; or manufactured by the Victor Rubber Tire Company, under a judicial decree in a litigation in the Federal courts in the Sixth Circuit, wherein in such litigations it has been judicially determined that the said Grant patent is invalid and void.'

"After the decision of the Supreme Court sustaining the Grant patent Hurd commenced this suit, joining with him the legal owner and licensee of the patent, against defendants residing and doing business within Hurd's exclusive territory. Defendants purchased the infringing tires from the Diamond Rubber Company of New York, which was the defendant in the former litigation, and at the City of New York, and such tires were delivered to defendants at the City of New York, and then taken to Albany, complainant Hurd's territory, and the rubber, metal channel and retaining wires were there assembled and attached to the wheel rim by defendants, and not by the Kokomo Company or the Diamond Rubber Company of New York.

"Defendants now claim that the infringing tires used by them in their business were made by the Kokomo Rubber Company and sold to them by the Diamond Rubber Company of and at New York City, said Kokomo Company being the defendant in the action in the District of Indiana where the complaint was dismissed for want of equity.

"Defendants claim that under the ruling of the Supreme

Court in the case of *Kessler* v. *Eldred*, 206 U. S. 285, the Kokomo Company have the right to manufacture the infringing tires, and that the tires so made are free from the monopoly of the patent and the users of the tires made by the Kokomo Company are immune from prosecution and such tires may be used and sold by any one.

"On the other hand it is claimed by complainants that the doctrine of the case of *Kessler* v. *Eldred* does not apply here for the reason that the patent has since been held valid by the Supreme Court and that the complainant Hurd had possession of his limited territory under his exclusive license before any of the suits in question were commenced, and was not a party to those actions and had no control over any of those actions and is not privy to the parties in those actions and is therefore not bound by the decisions in those actions, also that the decision in *Kessler* v. *Eldred* was upon the ground that a decree that an article in question is, or is not, an infringement of the patent is *res adjudicata* as to similar articles only and does not apply to a case where the patent was held void by the lower court and afterward held valid by the Supreme Court, and also that no specific ground for the decision in the case against the Kokomo Company having been stated by the court, the reasons for that decision cannot now be inferred and such decision cannot be binding upon any person not a party to that action.

### Questions Certified.

"The Court entertaining a doubt as to which is the correct interpretation to be put upon the opinion in *Kessler* v. *Eldred*, upon the facts set forth above, desires the instruction of the Supreme Court for the proper decision of this appeal and to that end it certifies to the Supreme Court under Section 6 of the Court of Appeals Act, for its instruction the following questions:

"1st. Has the Kokomo Company the right to manu-

facture the infringing tires free from the monopoly of the patent?

"2nd. Are purchasers and users of infringing tires made by the Kokomo Company immune from prosecution by the owners of the patent?

"3rd. Are the defendants immune from prosecution by the complainant Hurd for using and selling the infringing tires made by the Kokomo Company, and sold and delivered to them by the Diamond Rubber Company of New York at the City of New York, in the exclusive territory conveyed to Hurd prior to the commencement of the action against the Kokomo Company?

"4th. If the Kokomo Company is immune in making the infringing rubber which is only one element of the combination of the patent are its customers who purchase the rubber of the Kokomo Company and the metal rims and retaining wires of other parties and sell them to be assembled upon wheel rims making the completed structure of the patent also immune from prosecution?"

*Mr. C. K. Offield* for Seim.

*Mr. Walter E. Ward* for Hurd.

Mr. JUSTICE HUGHES, after making the above statement, delivered the opinion of the court.

Hurd, a licensee for a limited territory under the Grant patent for rubber tires, joining with him the legal owner of the patent and the holder of an exclusive license subject to the rights of Hurd and another, brought suit against Seim and Reissig, for infringement. It is stated that the defendants purchased the infringing tires from the Diamond Rubber Company of New York and, also, that it is the contention of the defendants that these tires were bought by the Diamond Rubber Company from the

Kokomo Company. The patent had been sustained in a suit against the Diamond Rubber Company (162 Fed. Rep. 895; 220 U. S. 428) but by a provision in the final decree there was excepted from the operation of the injunction, tires manufactured by parties to other suits in which the patent had been declared invalid, naming among others the Kokomo Company.

The further statement of the certificate, however, makes it plain that the defendants did not purchase the patented structure but made it themselves. The statement is that "such tires" (referring to those purchased by the defendants) "were delivered to defendants at the City of New York, and then taken to Albany, complainant Hurd's territory, and the rubber, metal channel and retaining wires were there assembled and attached to the wheel rim by defendants, and not by the Kokomo Company or the Diamond Rubber Company of New York."

The elements in the Grant structure were old. There had been previous combinations of rubber, metal channels and retaining wires in the effort to produce a successful rubber tire (220 U. S. pp. 438, 439). The claims of the Grant patent were narrow and were limited closely to a specified combination which, through the coöperation of the various parts, when these were correlated in the precise adjustment described, produced a new and useful result.

It is thus apparent that the defendants themselves constructed the device, effecting that union of the separate elements which alone could bring the structure within the patent claims. In this aspect, it is immaterial from whom they bought the rubber or the wires or the channel. It is not the case of the purchase of the article in question from one who had a right to sell. There was no actual infringement until they made the tire and for their act in making it they could not escape liability by the purchase of parts from others. See *Rubber Tire Wheel Co. et*

*al.* v. *Goodyear Tire & Rubber Co.,* decided this day, *ante,* p. 413.

None of the questions certified is apposite to the facts. as we understand the certificate to state them. It may have been the intention by the use of the words "infringing tires" in the first, second and third questions to refer to the rubber stock only. It seems to be conceded in the arguments of both parties that the rubber alone is made by the Kokomo Company. But the questions, as put, are not raised by the case made and for that reason they must go unanswered. Neither the right of the Kokomo Company to make the Grant structure, nor the right of a purchaser or user of that structure if made and sold by the Kokomo Company, is involved.

The fourth question is as follows:

"If the Kokomo Company is immune in making the infringing rubber which is only one element of the combination of the patent are its customers who purchase the rubber of the Kokomo Company and the metal rims and retaining wires of other parties and sell them to be assembled upon wheel rims making the completed structure of the patent also immune from prosecution?"

A similar question is answered in the case of *Woodward Company* v. *Hurd,* decided this day, *post,* p. 428, but it is not presented by the facts of the present case. There is no suggestion that the defendants here purchased the various parts and sold them to be assembled by their customers, but on the contrary, as we have said, the defendants made the structure themselves.

In view of the form of the questions, the certificate must be dismissed.

*Dismissed.*