## STOEHRER & PRATT DODGEM CORPORATION v. GLEN ECHO PARK CO., Inc. (LUSSE BROS., Intervener).

(Circuit Court of Appeals. Fourth Circuit. October 19, 1926.)

No. 2511.

**1. Patents ⬤⟳327.**

Patent infringement suit *held* properly dismissed as to patents held invalid in similar suit in another circuit between plaintiff and intervener.

**2. Patents ⬤⟳327.**

Decree in patent infringement suit in another circuit is not res judicata as to another, unless infringing device was furnished by defendants in such suit.

**3. Patents ⬤⟳327.**

Where defendant in patent infringement suit had procured important parts of device from intervener, who had successfully defend-

ed patent in another circuit, he was entitled to dismissal of bill.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Patent infringement suit by the Stoehrer & Pratt Dodgem Corporation against the Glen Echo Park Company, Incorporated, wherein Lusse Bros. intervened. Judgment dismissing the bill, and plaintiff appeals. Affirmed.

Samuel K. Dennis, of Baltimore, Md., and David P. Wolhaupter, of Washington, D. C., for appellant.

Kennard N. Ware, Charles H. Howson, and Howson & Howson, all of Philadelphia, Pa., for appellees.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

ROSE, Circuit Judge. This case concerns four patents, numbered respectively 1,339,299, 1,373,108, 1,467,959, and 1,478,979. The first was issued to one Stock; the other three to Max and Harold Stoehrer. They are all owned by the appellant, the Stoehrer & Pratt Dodgem Corporation. It claims that they have been infringed by the appellee, the Glen Echo Park Company, Incorporated. Partners trading as Lusse Bros., upon their petition, the assent of the original litigants, and the order of the court, intervened. The parties will be herein called the plaintiff, the defendant, and the interveners, respectively.

[1] A similar bill filed by the plaintiff against the interveners in the Eastern District of Pennsylvania, after hearing upon the merits was dismissed (1 F.[2d] 793), and the decree below was affirmed by the Circuit Court of Appeals for the Third circuit (7 F.[2d] 87), which held that patent numbered 1,339,299, if valid, had not been infringed, that 1,373,108 and 1,467,959, though valid, were not infringed, and that 1,478,959 was invalid. It is admitted that the devices here said to infringe are identical with those before the courts of the Third circuit, and that, with the exception of a certain wire mesh ceiling, they were sold the defendant by the interveners. It is stipulated that the ceiling mentioned was independently installed by the defendant according to the directions and instructions furnished by the interveners. Such a ceiling is not an element in any combination claimed in some of the patents in suit, and there can be no question that the bill was properly dismissed

as to those in which the ceiling does not figure. Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065.

[2] After the decree in the Third circuit the interveners had the right in respect to the articles before the court to require the plaintiff to leave their customers alone and it was the plaintiff's duty to leave them alone. This right and this duty was that of the plaintiff and of the interveners and theirs alone, and it extended only to those things which the interveners furnished the defendant. The defendant was not a party to the litigation in the Third circuit, and in its own right could claim no immunity thereunder. The plaintiff was entitled to proceed against it. There was no res adjudicata between them. Unless the infringing device was furnished by the interveners, the decree upon which they seek to rely does not prevent the plaintiff's suing the defendant for making or using an identical thing, however much its chances of ultimate victory may be thereby diminished. Moreover, it would be immaterial that the defendant had obtained from the interveners some or perhaps all of the raw material out of which it itself made the article said to infringe. Rubber Tire Wheel Co. v. Goodyear Tire & Rubber Co., 232 U. S. 413, 34 S. Ct. 403, 58 L. Ed. 663; Seim v. Hurd, 232 U. S. 420, 34 S. Ct. 406, 58 L. Ed. 667; Woodward v. Hurd, 232 U. S. 428, 34 S. Ct. 409, 58 L. Ed. 670.

From what has been said, it is obvious that the right of the plaintiff to proceed with its suits so far as concerns the claims in which a wire mesh ceiling is an element turns on whether on any substantial sense the defendant independently made the combination of which mesh ceiling was a part. The cases already cited from 232 U. S. grew out of the litigation over the Grant tire patent. There were three elements in the patented combination, every one of them old: (1) A channel or groove with tapered sides; (2) a rubber tire with a described shape, adapted to fit into the channel; and (3) a fastening device consisting of independent retaining wires, which passed through the rubber tire and were placed in a particular position. The defendants in those cases bought the rubber from persons whose legal position was the same as that of the interveners now before us. They apparently obtained the channeled tire and the fastening wire elsewhere. They certainly themselves did the work of bringing the three elements together into the precise and careful relation upon which the value and validity of the patent depended.

[3] In the instant case everything that required any nicety of manufacture or adjustment was furnished by the interveners. All that the defendant supplied were the rolls of chicken wire which the patent said when put in place would constitute the ceiling. There is no hint in the specifications or claims that, in putting this wire in position any special care was required. It is stipulated that the interveners gave whatever instructions for its erection were needed.

Under all the circumstances, we think that the patented device was in every substantial sense furnished by the interveners, and that therefore the case is ruled by Kessler v. Eldred, supra, and not by the Rubber Tire & Wheel Co. v. Goodyear Tire & Rubber Co., and its associated cases.

Affirmed.