**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**BARRETT HERRICK & CO., Inc. and Frederick L. Chapman, Defendants.**

United States District Court
S. D. New York.
June 12, 1959.

LaRues), Fannie Schreibman, Robert David Schreibman, Peter Frank Schreibman and Zoltan Klein (the Schreibmans and Klein) object to the receiver's disallowance of their respective claims to the extent that they claim "priorities". There is no question as to the amount of each claim.

Jaeger, the Schreibmans and Klein show that they had delivered securities to their broker, the corporate defendant, which securities were sold. The proceeds of the sales were on September 10, 1956 deposited in the broker's account with the Chase Manhattan Bank. When the receiver was appointed on September 14, 1956, said funds were still credited to the broker's account.

The LaRues on September 4, 1956 and on September 7, 1956 delivered to their broker, the corporate defendant, checks totaling $12,000 for the purchase of certain shares. The broker did not purchase the shares ordered by the LaRues. Their funds, however, were traced to the deposits made by the broker in the Chase Manhattan Bank on September 5, 1956 and on September 7, 1956. The broker's account was credited with these funds on the date of the appointment of the receiver on September 14, 1956.

Had the receiver collected from the Chase Manhattan Bank the amount credited to the broker on the bank's books, there could be no doubt that the objecting claimants herein could reclaim the funds which in that event would have been traced into the receiver's hands.[1]

However, the claimants' funds never came under the receiver's control. The bank claiming the right to do so, set off on its books the amount of a debt claimed to be due to it from the corporate debtor herein which, with interest and miscellaneous expenses, total $101,382.08. There came into the hands of the receiver only the balance on deposit, viz., $37,734.20, no part of which has been demonstrated to be the moneys of the claimants.

James D. Walsh, New York City, for David I. Shivitz, Receiver for Barrett Herrick & Co., Inc.

David I. Stepacoff, Perth Amboy, N. J., for Fannie Schreibman, Robert David Schreibman, Peter Frank Schreibman and Zoltan Klein.

Whitehorn & Cowin, New York City, for claimants, Mervyn J. LaRue and Helen LaRue.

Joseph Delman, New York City, of counsel.

Grant A. Patten, Jr., New York City, for claimant Edward Jaeger.

SUGARMAN, District Judge.

Claimants Edward Jaeger (Jaeger), Mervyn J. LaRue, Helen LaRue (the

1. Schuyler v. Littlefield, 232 U.S. 707, 34 S.Ct. 466, 58 L.Ed. 806; National Bank v. Insurance Co., 104 U.S. 54, 26 L.Ed. 693; 3 Collier on Bankruptcy (14th ed.) p. 1078.

The claimants appear not to be without remedy against the bank.[2]

However, they cannot by way of purported objections to the receiver's disallowance of their respective claims obtain a reclamation of property of which the receiver has not taken possession.

The objections of Jaeger, the LaRues, the Schreibmans and Klein are overruled.

It is so ordered.

This disposition is not to be deemed an expression of opinion on the question of whether the Chase Manhattan Bank lawfully exercised its claimed right of set-off.[3]

---

2. George D. Harter Bank v. Inglis, 6 Cir., 1925, 6 F.2d 841, certiorari denied 269 U.S. 576, 46 S.Ct. 103, 70 L.Ed. 420; National Bank v. Insurance Co., note 1 supra.

3. See Menkes Feuer, Inc. v. Peoples Bank of Johnstown, Sup., 43 N.Y.S.2d 32; 37 A.L.R.2d 850, Annotation "Bank's right to set off unmatured claims as against receiver, * * * of insolvent depositor".