## WOODWARD COMPANY *v.* HURD.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 142.  Argued December 17, 1913.—Decided February 24, 1914.

Where the manufacturer of one element of a combination is immune under a decree of the Federal court, his customers of that element who use it in connection with the other elements to make the completed article covered by the patent, are not also immune from suit.

THE facts, which involve the construction of a provision of immunity in the decree in a patent case and the rights of parties thereunder, are stated in the opinion.

*Mr. C. K. Offield* for the Woodward Company.

*Mr. Walter E. Ward* for Hurd.

MR. JUSTICE HUGHES delivered the opinion of the court.

The recitals of the certificate with respect to the Grant patent, and the decrees which have been rendered in suits brought for its infringement, are identical with those contained in the certificate in *Seim* v. *Hurd,* decided this day, *ante,* p. 420.  The questions certified are, in substance, the same.  The facts of the present case are thus stated in the certificate:

"After the decision of the Supreme Court sustaining the Grant patent Hurd commenced this suit, joining with him the legal owner and licensee of the patent, against defendants residing and doing business within Hurd's exclusive territory.  Defendant purchased the infringing tires—the rubber portion only—not the metal channel or retaining wires—from the Diamond Rubber Company of

New York, which was the defendant in the former litigation and the rubber, metal channels and retaining wires were sold by the defendant The Woodward Company to be assembled and attached to the wheel rim of its purchasers and not by the Kokomo Company.

"Defendants now claim that the infringing tires—the rubber stock only—used by them in their business was made by the Kokomo Rubber Company which was the defendant in the action in the District of Indiana where the complaint was dismissed for want of equity, and sold to them by the Diamond Rubber Company of New York at the City of New York and there delivered."

It thus appears that the Kokomo Company did not make the patented device but only one of its elements— the rubber stock. Nor did the defendant itself make the patented article. The defendant, buying from the Diamond Company the rubber that had been made by the Kokomo Company and otherwise obtaining the necessary channel of metal and the retaining wires, sold all the parts to be united into the patented structure by its customers. Neither the right of the Kokomo Company, by virtue of the decree in its favor, to make and sell the patented thing, or to make and sell its rubber, nor its right to have the commodity which it lawfully produces freely move as an article of commerce through the channels of trade without hindrance by the owners of the patent, is here involved. See *Rubber Tire Wheel Co.* v. *Goodyear Tire & Rubber Co.*, decided this day, *ante*, p. 413. The case as stated concerns the liability of the defendant as a contributory infringer upon the assumption that in the manner described it assembles the various elements essential to the making of the Grant tire and sells them with the intent and purpose that they shall be so combined.

Can the defendant demand immunity upon the ground that one of the elements in which it dealt was made and sold by the Kokomo Company? We think not. It is not

simply a purchaser of, or dealer in, that which the Kokomo Company produces. The defendant goes beyond that; it buys from others the parts that are as much needed in effecting the patented combination as the rubber itself and sells them in order that the infringing device may be constructed by its customers.

The fourth question which is certified by the court below is:

"If the Kokomo Company is immune in making the infringing rubber which is only one element of the combination of the patent are its customers who purchase the rubber of the Kokomo Company and the metal rims and retaining wires of other parties and sell them to be assembled upon wheel rims making the completed structure of the patent also immune from prosecution?"

We answer this question in the negative. The other questions are not raised by the case made and hence are left unanswered.

*It is so ordered.*