## WENBORNE-KARPEN DRYER CO. v. CUTLER DRY KILN CO., Inc., et al.

(Circuit Court of Appeals, Second Circuit. June 18, 1923.)

No. 279.

1. **Appeal and error ☞833(4)—Petition for rehearing denied filing, when not complying with recognized code of professional manners.**

Where form of criticism adopted in petition for rehearing and manner in which accusations are made are not in accord with recognized code of professional manners, it will not be allowed to be filed.

2. **Appeal and error ☞329—Intervention not permitted on appeal.**

It is not the practice to permit intervention in a federal appellate court by one who was not a party in the court below.

3. **Appeal and error ☞329—Intervening petition, not signed by member of the bar, not permitted to be filed.**

When petition for leave to intervene in the Circuit Court of Appeals is not signed by any member of the bar of that court, it cannot be filed.

Appeal from the District Court of the United States for the Western District of New York.

On petition for rehearing, and petition for intervention. Petitions denied.

For former opinion, see 290 Fed. 625. Certiorari denied 44 Sup. Ct. 36, 68 L. Ed. ——.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. We are presented with a petition for rehearing and what is called a petition for intervention. We have examined the petition for rehearing and are not disposed to entertain it in substance; but we are regretfully compelled to refuse it even admission to our files.

[1] The form of criticism adopted, and the manner in which what may fairly be called accusations are made, are not in accord with the code of professional manners hitherto recognized in this court. Of the names appended to the petition, but one is that of a member of this bar, and, knowing the professional activities of the signers, we exonerate that one man of personal responsibility for the form of the petition. The petition is denied and the clerk is directed to refuse filing thereto.

[2, 3] As to the petition for intervention, the petitioner shows no reason for becoming in any proper sense an intervener, that is, no reason is shown why petitioner should become a party to the suit. Furthermore, it is not the practice to permit one to intervene in an appellate court of the United States who was not a party in the court below. United States v. Patterson, 15 How. 10, 14 L. Ed. 578.

In addition, this petition is presented by one who is not a member of this bar. For all of the reasons set forth, the petition is denied; since it is not signed by a member of this bar, it cannot be filed.

The clerk is so directed.