## MUELLER et al. v. ADLER et al. *

(Circuit Court of Appeals, Eighth Circuit. August 3, 1923.)

No. 6327.

**Courts ⚬⚬343—Intervener cannot attack jurisdiction of main suit.**

Under equity rule 37 (198 Fed. xxix, 115 C. C. A. xxix), providing that an intervention "shall be in subordination to, and in recognition of, the propriety of the main proceeding," an intervention for the purpose of attacking the jurisdiction of the court in the main suit is not permissible, and a motion by an intervener to dismiss the main bill cannot be entertained.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit in equity by Samuel W. Adler and others against the United Railways and others. Henry F. Mueller and others appeal from orders denying their motion to dismiss the bill, and dismissing their petition in intervention. Affirmed.

Ephrim Caplan, of St. Louis, Mo., for appellants.

George T. Priest, of St. Louis, Mo. (Edward W. Foristel, of St. Louis, Mo., on the brief), for appellees.

Before STONE and KENYON, Circuit Judges, and TRIEBER, District Judge.

STONE, Circuit Judge. April 11, 1919, Samuel W. Adler, a bondholder under a mortgage, filed his bill in equity against the United Railways and its predecessor, St. Louis Transit Company, wherein, inter alia, a receivership was prayed. The following day a receiver was appointed and took immediate possession. Thereafter appellants, leave being granted, filed their intervention. About two years later, appellants filed a motion to dismiss the main bill for want of jurisdiction. Complainant Adler filed a motion to dismiss this intervention because the leave to file same had been improvidently granted. The court denied appellants' motion to dismiss the bill and sustained Adler's motion to dismiss the intervention. The appeal is from these orders. The sole purpose of the intervention is revealed by the prayer of the intervening petition, which is as follows:

"Wherefore your petitioners respectfully pray that this honorable court shall revoke all appointments hereunder made in this Adler bill and shall dismiss said bill of complaint, or shall revoke and hold for naught the order entered this 11th day of April, 1919, permitting this bill to be filed as an original bill, and order said bill to be filed as a bill of intervention in said cause of Seaman v. United Railways Company of St. Louis et al., being equity cause No. 4820, as your orators and each of them will ever pray, and for such further orders in the premises as may be meet."

So far as praying that the Adler bill be made an intervention in the Seaman suit, that matter has been disposed of by this court in Adler v. Seaman, 266 Fed. 828. The relief sought by the prayer is, in its entirety, purely an attack upon the jurisdiction of the court in the

main suit wherein this petition was filed as an intervention. The order allowing an intervention of this character to be filed was improvidently granted in violation of general equity rule 37 (198 Fed. xxix, 115 C. C. A. xxix), which requires that all interventions "shall be in subordination to, and in recognition of, the propriety of the main proceeding." Therefore the motion to dismiss this intervention was properly sustained. Also, because in violation of the same requirement, the motion to dismiss the main bill for want of jurisdiction made by this intervener was properly denied.

The decree is affirmed.