In re VEACH.

(Circuit Court of Appeals, Eighth Circuit. January 29, 1925.)

No. 269, Original.

1. Courts ⬤343—Intervener cannot attack jurisdiction of court in main suit.

Under equity rule 37, providing that an intervention "shall be in subordination to, and in recognition of, the propriety of the main proceeding," an intervention for the purpose of attacking the jurisdiction of the court in the main suit is not permissible, and the clerk will not be compelled by a rule to accept and file such a petition of intervention, which it would be the duty of the court to immediately dismiss.

2. Street railroads ⬤58—Trustee in street railway mortgage held not necessary party to bondholder's suit for receiver.

Where a company, which purchased the several street railway lines in a city and united them in a single system, executed a second mortgage on all its property as security for bonds previously issued by one of the subsidiary companies, which it had guaranteed, a holder of such bonds, in bringing suit for a receiver for the company, to conserve its property, for the protection of the rights of himself and other bondholders under the guaranty mortgage, is not proceeding under such mortgage, nor subject to its terms, and the trustee therein is not a necessary or proper party.

Petition for Rule to Show Cause in the District Court of the United States for the Eastern District of Missouri.

Petition by William J. Veach for a rule on the Clerk of the District Court for the Eastern District of Missouri to show cause why he should not file petitioner's petition in intervention in the case of Adler v. United Railways Company and the St. Louis Transit Company, pending in that court. Rule denied, and petition dismissed.

Ephrim Caplan, of St. Louis, Mo., for petitioner.

Before SANBORN and LEWIS, Circuit Judges, and POLLOCK, District Judge.

PER CURIAM. Veach alleges in his petition filed here that Adler instituted his suit in said District Court in April, 1919; that a receiver was appointed in said cause of all the properties of the Railways Company, with power to take possession of and oper-

ate its street car system in the city of St. Louis; that said receiver took possession and has continued in possession of said properties and has continuously operated them. Adler's complaint, on which the receiver was appointed, and Veach's petition in intervention, which he tendered to the clerk, and which the clerk refused to file, are attached as exhibits to the petition here, and it appears therefrom that the sole purpose of intervention in Adler's suit is to attack the jurisdiction of said District Court, it being alleged in the petition in intervention tendered to the clerk that the court was without jurisdiction, and that the order appointing the receiver, and all other orders in said cause, are null and void. The United Railways Company is, and was at the time the receiver was appointed, the owner of all of the street railway system in St. Louis. That system was made up in part of street railway property that had belonged to other companies, which had been taken over by the United Railways Company. Two of the subsidiary companies whose properties were taken into the system were the St. Louis Transit Company and the Union Depot Railroad Company, each of which had issued bonds secured by mortgages prior to the consolidation, and these bonds were outstanding when Adler brought his suit. He held 135 bonds issued by the St. Louis Transit Company, and petitioner, Veach, owns 3 bonds of the same issue. The United Railways Company executed a $45,000,000 mortgage on all of its properties, under which about $30,000,-000 in bonds issued were outstanding. When it took over the St. Louis Transit Company's property it guaranteed the payment of the bonds of the transit company, and as security therefor it gave a second mortgage on all of its properties. The guaranty mortgage named the Mercantile Trust Company, of St. Louis, trustee, and petitioner here claims, and so alleges in his petition in intervention tendered to the clerk, that the court was without jurisdiction in Adler's suit, because the Mercantile Trust Company was not made a party thereto. In support of that claim two sections of article III of the guaranty mortgage are quoted in the petition tendered in intervention as the basis for the allegation and claim therein that the Mercantile Trust Company was a necessary and indispensable party to the jurisdiction of the court in the Adler suit. Those sections are these:

"Section 4. In case default shall have been made in the payment of any interest on any bonds at any time issued under and se-cured by this indenture, and any such default shall continue for a period of six months, or in case default shall be made in the due observance or performance of any other covenant or condition herein required to be kept or performed by the Railways Company, which shall continue for a period of three months after written notice thereof to Railways Company from trustee, or from the holders of 5 per cent. in amount of the bonds hereby secured, or in case default shall be made in the due and punctual payment of the principal of any bond hereby secured, then, and in each case of such default, trustee, with or without entry, personally or by attorney, in its discretion, may sell to the highest and best bidder all and singular the mortgaged property and premises, rights, franchises, interests, and appurtenances, and all the other real and personal property of every kind, and all right, title, interest, claim, and demand therein and the right of redemption thereof, in one lot and as an entirety, unless a sale in parcels shall be requested and required by the holders of 75 per cent. in amount of the bonds hereby secured and then outstanding, in which case such sale may be made in parcels."

"Section 13. No holder of any bond or coupon hereby secured shall have any right to institute any suit, action or proceeding in equity or at law for the foreclosure of this indenture, or for the execution of any trust thereof, or for the appointment of a receiver, or for any other remedy hereunder, unless such holder previously shall have given to trustee written notice of such default and of the continuance thereof, as hereinbefore provided; nor unless, also, the holders of 25 per cent. in amount of the bonds hereby secured, then outstanding shall have made written request upon trustee and shall have afforded to it a reasonable opportunity either to proceed to exercise the powers hereinbefore granted or to institute such action, suit, or proceeding in its own name; nor unless, also, they shall have offered to trustee adequate security and indemnity against the costs, expenses, and liabilities to be incurred therein or thereby; and such notification, request, and offer of indemnity are hereby declared, in every such case, at the option of trustee, to be conditions precedent to the execution of the powers and trusts of this indenture, and to any action or cause of action for foreclosure, or for the appointment of a receiver, or for any other remedy hereunder; it being understood and intended that no one or more holders of bonds and coupons shall have any right in any matter

whatever to affect, disturb, or prejudice the lien of this indenture by his or their action, *or to enforce any right hereunder*, except in the manner herein provided, and that all proceedings at law or in equity shall be instituted, had, and maintained in the manner herein provided and for the equal benefit of all holders of such outstanding bonds and coupons."

It is made clear that the would-be intervener has no other purpose than that of attacking the jurisdiction of the district court in the Adler suit, and thus accomplishing, if he can, a dismissal of that suit and the vacation of all orders made therein, as having been made by the court without right or power to do so, and for that reason null and void.

[1] 1. It is our opinion that Veach cannot be permitted to evade the explicit command of equity rule 37. He can be admitted as an intervener in the Adler suit only in recognition of and subject to the requirements of that rule. It says that any one who is permitted to intervene in a suit shall do so in subordination to and in recognition of the propriety of the main proceeding. Counsel frankly admits here that his only purpose is to launch an attack against the propriety of all of the proceedings in the Adler suit, and the petition which he tendered to the clerk shows upon its face that that was his sole purpose. If the clerk had accepted and filed his petition in intervention, it would have been the duty of the District Court to immediately dismiss him out of that case, and it would be an idle proceeding and a vain order to require the clerk to accept and file it. Mueller v. Adler (C. C. A.) 292 F. 138; Jennings v. Smith (D. C.) 242 F. 561, 564; King v. Barr (C. C. A.) 262 F. 56; Adler v. Seaman (C. C. A.) 266 F. 828; Seaboard Air Line v. Trust Co., 125 Ga. 463, 465, 54 S. E. 138; Charleston Ry. Co. v. Pope, 122 Ga. 577, 50 S. E. 374.

[2] 2. The facts on which petitioner bases his claim that the Mercantile Trust Company was a necessary and indispensable party in the Adler suit do not support that claim. It is insisted by petitioner that, because Adler brought his suit as owner of 135 bonds secured by the guaranty mortgage, he was bound by the requirements of sections 4 and 13 of article III of that mortgage, above quoted, and that under the restrictions of those sections the Mercantile Trust Company was an indispensable party to his suit. But the right which Adler asserted and sought to protect in his suit was not conferred on the trustee in the guaranty mortgage, and did

not fall within its restrictions. He did not seek in that suit an enforcement of any of the provisions of that mortgage; he did not allege a breach of condition of that mortgage, nor that the property covered by it be applied to the satisfaction of the obligation of his guarantor. The gravamen of Adler's complaint was this: As holder of the St. Louis Transit Company bonds secured by the guaranty mortgage he was interested in having the property of his guarantor conserved and not sacrificed, for his guarantor, United Railways Company, as he alleged, was then insolvent, having many creditors, both secured and unsecured, among them holders of about $30,000,000 in bonds outstanding under the $45,000,000 mortgage, which was prior in lien to the guaranty mortgage. His guarantor owned the entire street railway system in St. Louis. The lines of the Union Depot Railroad Company, worth about $8,000,000, had been taken over and were a part of that system. The depot company had mortgaged its properties, prior in date to the guaranty mortgage of the Railways Company which secured Adler. The $45,000,000 mortgage contained a covenant that the Railways Company would either pay off or secure an extension of the bonds issued by the Union Depot Company, when they came due, and it had failed to do so. It had pledged with the War Finance Corporation $3,487,000, face value, of the Union Depot Company bonds to secure a large indebtedness which it owed to the War Finance Corporation, and when Adler sued it was proposing to redeem that pledge by substituting with the pledgee a like amount of bonds then unissued under the $45,000,000 mortgage.

Adler alleged in his complaint that the financial condition of the United Railways Company was such that it was unable to pay its indebtedness to the War Finance Corporation, that there was danger of foreclosure of the mortgage of the Union Depot Company, causing a sacrifice of the property covered by that mortgage, which had a value of about $8,000,000, and also causing a dismemberment of the street railway system; that if the United Railways Company succeeded in preventing a foreclosure of the Union Depot Company mortgage by substituting $3,487,000 of unissued bonds of the $45,000,000 mortgage, in lieu of the Union Depot Company bonds, the issuance of those additional bonds under the $45,000,000 mortgage would likely bring about a foreclosure of the latter mortgage. It was this threatened dismemberment of the system, on the one hand, and the loss to Adler, on the

other hand, of all security, that gave him a right to invoke the aid of the court in preserving the property for the benefit of all creditors, so as to prevent its sacrifice, and the assertion of this right was not given to the Mercantile Trust Company, as trustee, nor was Adler in any wise restricted by sections 4 and 13 of article III of the guaranty mortgage in asserting such a right on his own motion. Those sections found in the guaranty mortgage relate to procedure to be taken under it on breach of its conditions. Adler sought to preserve the property for the benefit of the holders of bonds under the guaranty mortgage, as well as other creditors. He was not attempting to enforce payment of the indebtedness to him and the other holders of bonds under that mortgage by proceeding under its terms for that purpose, and the right which he asserted was not a right given to the Mercantile Trust Company, as trustee, nor a right in which Adler was restricted in assertion on his own motion; and so we think that the Mercantile Trust Company would have been an improper party in the Adler suit.

Issuance of the rule prayed for is denied, and the petition dismissed.