## WENBORNE–KARPEN DRYER CO. v. DORT MOTOR CAR CO. (CUTLER DRY KILN CO., Inc., Intervener).

(Circuit Court of Appeals, Sixth Circuit. July 10, 1926.)

No. 4326.

I. Patents ⬤⟿327.

There is no estoppel as to person interested in, and connected with, defense to patent infringement suit by interlocutory decree establishing validity and infringement.

2. Patents ⬤⟿327.

As customer has right in his own interest to defend against damages, profits, or injunction, regardless of what has been adjudicated in suit for infringement against manufacturer, decree in favor of manufacturer was not estoppel in favor of customer.

3. Abatement and revival ⬤⟿9.

Plaintiff has right to sue user for infringement of patent in one circuit, although having suit pending against manufacturer in another circuit.

4. Patents ⬤⟿327.

Manufacturer, after decision on appeal holding patent invalid, was not entitled to intervene in pending suit against user, his customer, in order to set up such judgment as res adjudicata.

Donahue, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit by the Wenborne-Karpen Dryer Company against the Dort Motor Car Company, wherein the Cutler Dry Kiln Company, Inc., intervened. From a judgment dismissing the bill (300 F. 404), plaintiff appeals. Reversed and remanded.

Wm. R. Rummler, of Chicago, Ill., and Cyrus W. Rice, of Grand Rapids, Mich., for appellant.

J. Wm. Ellis, of Buffalo, N. Y. (Carton, Roberts & Stewart, of Flint, Mich., on the brief), for appellee.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DENISON, Circuit Judge. Plaintiff below, appellant here, is the owner of the Grosvenor patent, No. 1,186,477, of May 6, 1916, covering a process useful in drying varnish upon manufactured articles, like furniture. The patent contemplates apparatus in the form of a dry kiln, with special devices for putting the patented process into use during the drying operation. The appellee, the Cutler Company, is a manufacturer of dry kilns, and equips them with special apparatus which enables the user to employ the patented process or not, as he prefers.

[1] Plaintiff brought suit upon this patent against a furniture manufacturer at Chicago, and secured the usual interlocutory decree establishing validity and infringement. 269 F. 144. It is to be inferred that the Cutler Company was interested in, and connected with, the defense of this case; but there is no estoppel by judgment for the reason, if for no other, that the decree was not final. Plaintiff then brought a suit at Buffalo against the Cutler Company and the user of one of its kilns. The district court, in an opinion by Judge Hazel, sustained the patent. 285 F. 73. Upon appeal, the Second Circuit Court of Appeals held the patent to be invalid. 290 F. 625; 292 F. 861.

After the favorable decision by the district court at Buffalo, and pending the appeal therefrom, plaintiff brought this suit against the Dort Company at Flint, Mich., which was using, in an infringing manner, one of the Cutler kilns. The Dort Company answered in its own name and on its own account, denying the validity of the patent, but averring that the apparatus which it was using was a Cutler kiln. After the decision on appeal in the Second Circuit the Cutler Company filed in the court below a petition, setting up that it had sold to the Dort Com-

pany the kiln in question under a contract by which it had agreed to defend, protect, and save harmless the Dort Company from all claims on account of or under any patent said to cover the kiln sold, and alleging that, by reason of the final decree in the Second Circuit, which it set up in full, the defendant, Dort Company, being in privity with the Cutler Company, was entitled to a decree dismissing the bill in this case because of that adjudication, and it prayed that the court inquire into the situation presented by the petition and make a decree dismissing the bill. A so-called amended answer was then filed as the joint answer of the Dort Company and the Cutler Company, but later it was stricken from the record because filed without leave. Thereupon the Cutler Company filed a petition for leave to intervene, accompanied by its proposed answer, if intervention was allowed, and the Dort Company prayed leave for permission to file a supplemental answer setting up the same adjudication. The District Court did not pass directly upon these petitions by the Cutler Company and the Dort Company, but, as a short cut to the final disposition, treated them as motions to dismiss, based upon undisputed facts, held that there was an adjudication by the decree in the Second Circuit, and dismissed the bill.

It is first urged that the principle of privity between maker and buyer, upon which the application here of the rule of estoppel depends, does not control where the patent is upon a process which the purchaser of the article may at his option use or not use, or where he may use the article in such a modified way that the question of infringement would not necessarily be the same in the two cases. We pass this question by without discussion.

If we assume that this distinction between a process patent and one upon a product is immaterial, and come to the larger question (considered first as between plaintiff and the Dort Company), we find that the action of the court below rests upon the construction given to Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065. That case is clearly distinguishable from this as to its form and direct effect; the question is whether its principle of decision is applicable.

In that case the patentee, Eldred, had sued a rival manufacturer, Kessler, in Indiana, and it was decided in that suit that the Kessler article, a cigar lighter, did not infringe the patent. Later Eldred brought suit in New York on the same patent against one of Kessler's customers, whereupon Kessler filed a bill in equity in the district where Eldred lived, and sought, and obtained, an injunction to prevent Eldred from prosecuting that suit or any other suit against Kessler's customers. It was this injunction which the Supreme Court approved. The question involved was not really one of res adjudicata or of estoppel by judgment, because, although there was identity of subject-matter, yet the identity of parties—or equivalent privity—was not clear. The Supreme Court pointed this out (page 288 [27 S. Ct. 611]), and expressly refused to decide whether the original decree of noninfringement could have been pleaded in the New York case by Kessler's customer as a bar or an adjudication—precisely the first question we have here.

[2] The difficulty of finding the necessary identity or privity of parties seems insuperable. The cause of action against the manufacturer for injunction and damages and accounting is, in general, a distinct cause of action from that against the purchasing user for an injunction against him and for damages and profits coming from his infringement. The customer has a clear right, in his own interest, to defend against damages, profits, or injunction, regardless of what has been adjudicated in a suit against the manufacturer. It is a common, and we suppose an invariable, test of the applicability of an estoppel by judgment to inquire whether there would have been an estoppel if the previous adjudication had been the other way. If in this case Judge Hazel's decision had been affirmed, it seems clear that the Dort Company would nevertheless have been entitled to litigate in its own interest every question involved. If so, it cannot be that the plaintiff is estopped because the contrary result has been reached.

So much for the plaintiff-Dort Company status. We do not see that the desire of the Cutler Company to intervene, induced by the favorable result in the New York appeal, or even its duty to defend resting on its covenant in the contract, should change the relative rights of plaintiff and the Dort Company in the litigation over their controversy. If judgment had gone against the Cutler Company in New York, there is no procedure by which plaintiff could have forced it into this case, and thereby have subjected the Dort Company to the binding effect of that judgment. The rule ought to work both ways, if at all.

[3, 4] Although plaintiff had a suit pending against the manufacturer in another cir-

cuit, it had the (initial) right to sue a user in this circuit and get the judgment of different courts as to the patent. Wagner v. Meccano (C. C. A. 6) 239 F. 901, 902, 153 C. C. A. 29. It did not join the Cutler Company as defendant (probably could not). The Cutler Company made no effort to intervene, and had no absolute right to do so. Foote v. Parsons (C. C. A. 6) 196 F. 951, 953, 118 C. C. A. 105. We see no reason for allowing to the Cutler Company an intervention which it deliberately postponed until it was suited by the New York judgment, and thus compelling plaintiff to sue a party it had elected not to sue. The warranty given to the Dort Company did not make the warrantor the only real defendant. To rely on the warranty was optional with the Dort Company, and also it may be that the warranty did not reach a process use. If, at any time before the final New York adjudication, the Cutler Company had made itself a party in the Dort case, we would have a different question. If it had assumed the defense of the case with the knowledge of the plaintiff, and the Dort Company had abdicated its position as the defendant in the case, the suit would have become in most respects one between the plaintiff and the Cutler Company; and, when the final New York judgment was rendered, there seemingly would have been a complete adjudication in the Dort case, whatever the result was. If the Cutler Company had intervened at that time in some less complete manner, representing its own interests as well as those of the Dort Company, the New York adjudication would have been binding upon it in the Dort case. The extent to which it would have been binding, if at all, upon the Dort Company need not be now considered. Having delayed its intervention until after the New York final decision, the Cutler Company is in effect saying: "If this decision had been against us we would have continued to keep out of the Dort case, and the decision could not affect that case; but the decision has now been in our favor, so we will take it into the Dort case and thereby present a binding adjudication." This is playing fast and loose with the court, and it cannot be permitted.

The remedy of the Cutler Company, under the principle of Kessler v. Eldred, is precisely the remedy which Kessler took in that case. It can file a bill against the present plaintiff in any court where personal jurisdiction exists, and apply for an injunction to prevent the prosecution of this or any other suit against the Cutler Company's customers. Whether, under all the circumstances, the injunction ought to issue would be for the judgment of that court.

We do not see that the cases later than Kessler v. Eldred are particularly helpful. In the Rubber Tire Cases, 232 U. S. 413, 34 S. Ct. 403, 58 L. Ed. 663, the Hurd Cases, 232 U. S. 413, 34 S. Ct. 403, 58 L. Ed. 663, and 232 U. S. 428, 34 S. Ct. 409, 58 L. Ed. 670, as well as the Meccano-Wanamaker Case [2 C. C. A.] 250 F. 251, and in the case between the same parties in this court (239 F. 901), Kessler v. Eldred is limited and explained rather than extended.

It is said with force that there should be an end of litigation, and that the courts in this circuit should not be burdened with hearing issues already decided elsewhere. True, to make an end of litigation is to be desired; but it should be done in the orderly and efficient way pointed out by the Supreme Court in Kessler v. Eldred, and not by an attempt to apply the rule of judgment-estoppel in a case where mutuality, the fundamental principle of such estoppel, is not present. True, also, the courts will decline all properly avoidable burdens; but there is no difference between the burden of this litigation and that which the plaintiff has the undoubted right to impose upon any court by suing some infringing user who does not happen to be a customer of the Cutler Company.

It is suggested also that the Dort Company by an answer in the nature of a crossbill, or the Cutler Company, by some similar proceeding, might have appealed to the principles of equity rather than to the rules of law and asked an injunction against this suit. It is enough to say that no such effort has been made.

It may well be that the right of the Cutler Company to make such an intervention as it did here (not to defend in the shoes of the Dort Company, but specifically to set up the adjudication) can be successfully challenged under that provision of general equity rule 37, which says that an intervention must be in subordination to the propriety of the main proceeding, though this we do not decide. Plaintiff proposed to try out with the Dort Company the issues of validity and infringement. The intervener undertakes to say that those issues cannot be tried in this case. For recent applications and discussions of this clause of rule 37, see Brictson v. Woodrough (C. C. A. 8) 284 F. 484, 487; Mueller v. Adler (C. C. A. 8) 292 F. 138; Allington v. Shevlin (D. C.) 2 F.(2d) 747, 749; In re Veach (C. C. A. 8) 4 F.(2d) 334, 336; Leaver v. Box Co. (D. C.) 6 F.(2d) 666.

The decree dismissing the bill should be reversed, and the case remanded for hearing on its merits.

DONAHUE, Circuit Judge (dissenting). Under the provisions of equity rule 37, any one claiming an interest in a litigation may at any time be permitted to assert his right by intervention; the only condition being that such intervention shall be in recognition of the propriety of the main proceedings and in subordination thereto.

In this case it is alleged in the intervening petition of the Cutler Company that it entered into a contract with its customer, the Dort Company, to defend that company against any action brought for infringement against it, and to save the Dort Company harmless from the payment of any damages that may be assessed against it in such suit. It is therefore vitally interested in the subject-matter of this litigation. It is not attacking the propriety of the main proceeding nor insisting that its intervention shall not be in subordination thereto.

It is also a general rule of equity that intervention will be allowed where it appears to the court that a decree in the main cause cannot be entered without prejudice to the rights of the intervener. If a decree were to be entered in this case against the Dort Company, the Cutler Company, under the terms of its contract with the Dort Company, would be liable for the payment of any damages assessed against the Dort Company. In such an event the rights of the intervener would be prejudiced, and the benefits of the decree entered in its favor in the suit brought by this plaintiff against it in the second circuit would be wholly lost.

In that suit there was a final judgment for the Cutler Company. It was held in Kessler v. Eldred, 206 U. S. 285–288, 27 S. Ct. 611, 612, 51 L. Ed. 1065: "This judgment, whether it proceeds upon good reasons, or upon bad reasons, whether it was right or wrong, settled finally and everywhere, and so far as Eldred, by virtue of his ownership of the Chambers patent, was concerned, that Kessler had the right to manufacture, use and sell," etc., and further that the "rights between litigants once established by the final judgment of a court of competent jurisdiction must be recognized in every way, and wherever the judgment is entitled to respect, by those who are bound thereby," and that the decree finally established "the right of Kessler to manufacture and sell his manufactures free from all interference from Eldred by virtue of the Chambers patent,

and the corresponding duty of Eldred to recognize and yield to that right everywhere and always."

The fact that this plaintiff brought this action against the Dort Company, before the final decision of the action brought by it against the Cutler Company in the second circuit, cannot affect the question here presented. In that suit the plaintiff challenged the right of the Cutler Company to manufacture and sell to its customers in the various parts of the United States, the article that the plaintiff claimed infringed its patent. It invoked the jurisdiction of that court for the determination of that question, and the effect of that final decree was to settle forever the respective rights of the parties.

After the entering of that decree, it was equally the duty of plaintiff to dismiss any suits then pending against the customers of the Cutler Company, as it was its duty to refrain from bringing other suits. That it has failed to "recognize and yield to that right everywhere and always" by dismissing this suit fully justified the trial court in allowing the Cutler Company to intervene in this action against its customer and compel plaintiff's obedience to that final decree. Any other course would permit the plaintiff to trifle with courts and by subterfuge evade the effect of a final decree against it. If, as held in Kessler v. Eldred, supra, the plaintiff, after a final decree against it, has no authority to bring or maintain an action against a customer of a manufacturer in whose favor the decree was entered, and that the bringing and maintaining of such actions may be enjoined at the suit of the manufacturer, the plaintiff is hardly in position to complain of any action taken by a court in disposing of a cause it has no legal nor equitable right to prosecute to final judgment. Kessler v. Eldred, supra, does not hold that the sole and only remedy of Kessler was by action in equity to enjoin the plaintiff from bringing further suits. On the contrary, it held that the plaintiff was entitled to an injunction to prevent a multiplicity of suits, and because there was no adequate remedy at law, but, whether the Cutler Company could maintain such an action where there is only the one suit pending against one of its customers and none others threatened does not so clearly appear. In the Kessler Case it further appears that Eldred had filed a suit for infringement of the same patent against Breitweiser, a customer, in which suit the Kessler Company, the manufacturer, had been permitted to intervene. There is no suggestion in the

opinion that its intervention was not proper, but rather that, notwithstanding such intervention, the plaintiff was entitled to an injunction.

The effect of the decree in the second circuit to which reference is made in the majority opinion was to free from the control of the plaintiff's patent the articles manufactured and sold by the Cutler Company. The plaintiff in defiance of that decree is now seeking to harrass the Cutler Company, and to injure its business by continuing the prosecution of this suit against its customer. If the Cutler Company has the right to enjoin the further prosecution of this suit against the Dort Company in a separate action, because the bringing and the prosecution of such suits are "manifestly in violation of the obligations of the plaintiff and the corresponding right of the Cutler Company established by the prior judgment," as held by the Supreme Court in the Kessler Case, and suggested in the majority opinion in this case, then the objection to the Cutler Company obtaining the same relief as to the pending suit by intervention and assertion of its rights under the final judgment in the second circuit is purely technical, and would tend to encourage, rather than to prevent, a multiplicity of suits.

For the reasons stated I cannot concur in the judgment of the majority of the court that the District Court abused its discretion in permitting the Cutler Company to intervene in this action against its customer, which suit by its contract it is required to defend, and to save the Dort Company harmless from all damages that may be assessed against it.