ALEOGRAPH CO. v. ELECTRICAL RE-
SEARCH PRODUCTS, Inc., et al.

No. 7845.

Circuit Court of Appeals, Fifth Circuit.

April 1, 1936.

Frank H. Booth, of San Antonio, Tex., for appellant.

S. J. Brooks and W. L. Matthews, both of San Antonio, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

There is no dispute as to the material facts in this case hereafter related. In March, 1930, Aleograph Company, appellant herein, filed a bill against Electrical Research Products, Inc., in the United States District Court for the Western District of Texas, which, in addition to the jurisdictional averments, alleged that plaintiff was the owner of letters patent of the United States, No. 1,494,514 issued to Allen Stowers and Leo De Hymel, on May 20, 1924, covering machines used in making and exhibiting talking moving pictures with the disc method, together with a process of making and exhibiting said talking pictures; that defendant has infringed and continued to infringe the patent by making, using, vending, and leasing substantially the same machines for producing said talking pictures and projecting said pictures in exact synchronization with sound by the disc method, as disclosed in the said patent, and, further, in using the same methods of making and showing said pictures in exact synchronization with sound, without the consent and contrary to the wishes of plaintiff. A decree was entered in the District Court in favor of defendant and on appeal the judgment was affirmed by this court. Claims numbered 1, 2, 3, 4, 6, 10, 19, and 20 of the patent were considered in that case. The judgment was based on the failure of plaintiff to prove infringement of any of the claims and validity of the patent was not passed upon. Aleograph Co. v. Electrical Research Products, Inc. (C.C.A.) 55 F.(2d) 106.

Electrical Research Products, Inc., is a subsidiary of Western Electric Company, Inc., and its agent in leasing and otherwise disposing of its motion picture devices. After the decision above referred to, Aleograph Company brought a suit against Western Electric Company in the United States District Court for the Eastern District of New York, in which infringement of claims 1, 3, 15, 19, and 20 of the same patent was alleged. The District Court decided against Aleograph Company and on appeal this judgment was affirmed. Again it was decided that the machine manufactured and marketed by Western Electric Company, Inc., did not infringe the patent and again the validity of the patent was not passed upon. Aleograph Co. v. Western Electric Co. (C.C.A.) 68 F.(2d) 853. Certiorari was denied as to both of the above-cited cases.

Electrical Research Products, Inc., brought the suit now before us by filing an ancillary bill in the United States District Court for the Western District of Texas, setting up its privity with the defendant in the New York suit and asked for an injunction to prevent the further prosecu-

tion of that suit or any other suits against itself or the Western Electric Company and their licensees. Aleograph Company filed an answer and a counterclaim to the ancillary bill, in which it was admitted that it was intended to file suits for infringement of the patent as might be meritorious and necessary against other persons who use or have used what is generally known as the Western Electric Sound Reproducing System until it succeeds in obtaining a decision of a Circuit Court of Appeals in conflict with the decision of the Circuit Court of Appeals for the Second Circuit. Western Electric Company made itself a party to this suit, seeking substantially the same relief as Electrical Research Products. The District Court found the facts substantially as above stated and entered a decree that the Aleograph Company and every person or concern in privity therewith be perpetually enjoined and restrained from bringing or threatening to bring any suit against Western Electric Company, Inc., or Electrical Research Products, Inc., or any of the customers, purchasers, lessees, licensees, or agents of either of them based upon letters patent No. 1,494,514, alleging infringement because of the manufacture, sale, or use of substantially the same combinations or features embodied in the talking motion pictures, reproducing machines, and equipment alleged to infringe, and held not to infringe, said patents in the suits above cited. This appeal is from that judgment.

It is apparent that the decree does not prevent appellant from filing suits against any one except the Electrical Research Products, Inc., Western Electric Company, Inc., and those in privity with them, only in respect of the alleged infringing devices considered in the suits above mentioned.

The patent is fully discussed in the opinions of Aleograph Co. v. Electrical Research Products and Aleograph Co. v. Western Electric Co., supra, and we need not go into that extensively. The alleged infringing machine manufactured and put out by appellees was for projecting a talking moving picture on the screen. The main features of appellant's patent considered in those cases were devices to enable the projection of a picture to be continued in synchronism with the sound producing feature after breakage of the picture films had occurred. For this purpose the film is indexed and the parts of the projecting machine which operate the sound record are furnished with a corresponding index, which enables the operator easily and promptly to re-establish synchronism between the sound record and the picture film at any point during the length of the film. The indexing system also enables broken picture films to be repaired in such manner so that the repaired film when run through the picture producing machine will synchronize exactly and throughout its length with the corresponding sound records. The alleged infringing machine does not have this feature at all and uses none of the devices covered by the patent nor a combination which includes one or more of them.

Appellants rely upon the cases of Rubber Tire Wheel Co. v. Goodyear Tire & Rubber Co., 232 U.S. 413, 34 S.Ct. 403, 58 L.Ed. 663, and Woodward Co. v. Hurd, 232 U.S. 428, 34 S.Ct. 409, 58 L.Ed. 670. What was decided in those cases is that where the manufacturer of one element of a combination is immune by a decree of a federal court, his customers of that element who use it in connection with other elements to make the completed article, covered by a patent, are not immune from suit. These cases are not in point. Here the entire machine manufactured and put out by appellees is protected by the decrees above referred to. The case comes squarely under the decision in Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065. As between the parties, the judgments heretofore rendered are res adjudicata and a complete bar to further litigation on the same cause of action, but if suits were brought against appellees, vendees, or licensees of the same machines as threatened appellees no doubt would be bound to defend them. Litigation would be interminable, with inevitably the same result as it is a foregone conclusion that no court would decide as to the validity of appellant's patent unless infringement by the defendant were first shown. It is the province of equity to prevent annoyance through a multiplicity of suits. It is the right of the successful defendant in a suit for infringement to invoke the aid of a court of equity to protect not only himself but also his customers from continuous litigation on the same cause of action. Kessler v. Eldred, supra.

The record presents no reversible error. The judgment appealed from is affirmed.