**LEISHMAN v. RADIO CONDENSER CO. et al.**

**RADIO CONDENSER CO. et al. v. LEISHMAN.**

No. 11652.

Circuit Court of Appeals, Ninth Circuit.

May 4, 1948.

Rehearing Denied June 3, 1948.

LeRoy J. Leishman, in pro. per.

Frederick S. Lyon, Leonard S. Lyon and Leonard S. Lyon, Jr., all of Los Angeles, Cal., and Maxwell James, of New York City, for Radio Condenser Co.

Before MATHEWS, BONE, and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

LeRoy J. Leishman owned reissue patent No. 20,827, a reissue of patent No. 2,108,538. Crosley Radio Corporation, hereafter called Crosley, Radio Condenser Company, hereafter called Condenser, and General Instrument Corporation, hereafter called General, manufactured mechanical tuners used in radio receiving sets. Crosley manufactured radio receiving sets containing tuners manufactured by it and sold

such sets to Associated Wholesale Electric Company, hereafter called Associated, which sold them to others. Condenser sold tuners manufactured by it to Galvin Manufacturing Corporation, hereafter called Galvin, which manufactured radio receiving sets containing such tuners and sold such sets to The Richards and Conover Company, hereafter called Richards, which sold them to others.

In an action by Leishman against Associated in the District Court of the United States for the Southern District of California, hereafter called the California Court, Leishman alleged that claims 7–11 of the reissue patent were infringed by the Crosley tuners in the sets sold by Associated and prayed for a judgment enjoining such infringement. Associated denied that the claims were so infringed and alleged that they were invalid. The California court held that the claims were invalid and entered a judgment so declaring and dismissing the action.[1] On appeal, we held that the claims were not infringed by the Crosley tuners, modified the judgment by striking therefrom the declaration that they were invalid,. and affirmed the judgment as thus modified.[2] Certiorari to review our decision was denied on December 6, 1943.[3]

On March 7, 1945, Leishman brought an action against Richards (action No. 2155) in the District Court of the United States for the Western District of Oklahoma, hereafter called the Oklahoma court, alleging that the claims were infringed by the Condenser tuners in the sets sold by Richards and praying for a judgment enjoining such infringement.

Prior to April 20, 1945, Leishman notified Condenser that the claims were infringed by the Condenser tuners and notified General that they were infringed by the General tuners. On April 20, 1945, Condenser and General brought an action against Leishman in the California court, praying for a judgment declaring that the claims were not infringed by the Condenser tuners or the General tuners and enjoining Leishman from asserting that they were so infringed. Leishman filed an answer containing a counterclaim alleging that the claims were infringed by the Condenser tuners and the General tuners and praying for a judgment enjoining such infringement. Condenser and General filed a reply denying that the claims were so infringed. Thereafter, on January 23, 1946, Condenser and General filed a motion for a summary judgment in their favor. The motion was heard and granted. A summary judgment was entered on September 12, 1946. The judgment declared that the claims were not infringed by the Condenser tuners or the General tuners and enjoined Leishman from asserting that they were so infringed and from prosecuting any action in which such infringement was asserted. On motion of Leishman, the judgment was amended on December 18, 1946, by adding thereto the following:

"This judgment shall not be construed to mean that the defendant [Leishman] is enjoined from proceeding in the case of LeRoy J. Leishman v. The Richards `& Conover Company, civil action No. 2155 of the United States District Court for the Western District of Oklahoma, and defendant is not enjoined from proceeding against Galvin Manufacturing Company."[4]

Leishman has appealed from the amended judgment. Condenser and General have appealed from the above quoted part thereof—the part which was added by amendment.[5]

Leishman contends that the California court erred in granting the motion for a summary judgment. There is no merit in this contention. The motion was filed, heard and granted pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c, which, as it then existed,[6] provided that "A party seeking to recover upon a claim  *  *  *  or

---

[1] Leishman v.· Associated Wholesale Electric Co., D.C.S.D.Cal., 36 F.Supp. 804.

[2] Id., 9 Cir., 137 F.2d 722.

[3] Id., 320 U.S. 794, 64 S.Ct. 262, 88 L. Ed. 478.

[4] Meaning undoubtedly Galvin Manufac-turing Corporation, herein called Galvin.

[5] Leishman appealed on March 17, 1947, Condenser and General on March 18, 1947.

[6] We are not here concerned with amendments adopted December 27, 1946, effective March 19, 1948.

to obtain a declaratory judgment may, at any time after the pleading in answer thereto has been served, move with or without supporting affidavits for a summary judgment in his favor;" that "The adverse party * * * may serve opposing affidavits;" and that "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Condenser and General were parties seeking relief [7] upon a claim—the claim that claims 7–11 of the reissue patent were not infringed by the Condenser tuners or the General tuners—and to obtain a declaratory judgment—a judgment declaring that claims 7–11 were not so infringed. The motion for a summary judgment was filed, with supporting affidavits, after the answer and reply had been filed and served. Leishman filed and served two opposing affidavits—one on February 15, 1946, and one on May 25, 1946. No depositions or admissions were filed. The pleadings, together with the affidavits, showed that there was no genuine issue as to any material fact and that Condenser and General were entitled to a judgment as a matter of law.

It is true that the pleadings, without the affidavits, showed that there was an issue as to a material fact, namely, an issue as to whether the claims were infringed by the Condenser tuners and the General tuners. However, one of the supporting affidavits (that of Samuel S. McKeown) stated, in substance, that the Condenser tuners and the General tuners did not differ materially from the Crosley tuners. The statement was not controverted and hence was accepted by the California court, and is accepted by us, as correct. In view of our decision in the Associated case,[8] holding that the claims were not infringed by the Crosley tuners, the California court

correctly concluded that, in the case at bar, the issue as to whether the claims were infringed by the Condenser tuners and the General tuners was not a genuine issue.

Leishman contends that the California court erred in following our decision in the Associated case. There is no merit in this contention. Our decision has not been reversed or overruled. The California court was not at liberty to overrule it. We could overrule it if we thought it was wrong, but, after reconsidering it, we think it was right and now reaffirm it.

In his affidavit of February 15, 1946, Leishman stated, in substance, that certain evidence which was in existence when the Associated case was tried was not presented at that trial. This evidence, if it had been presented, would not have changed our decision in the Associated case. The failure to present it did not affect the validity of our decision or make our decision less binding on the California court.

In his affidavit of May 25, 1946, Leishman stated, in substance, that his action against Richards had been tried in the Oklahoma court, and that that court had "rendered its opinion in favor of [Leishman] on all issues with respect to [the reissue patent]." [9] That opinion, however, could not and did not overrule our decision in the Associated case or relieve the California court from following our decision.

■ Interrogatories were served on Condenser and General by Leishman, and objections thereto were filed by Condenser and General and were sustained by the California court, prior to the filing of the motion for a summary judgment. Leishman contends that the court erred in sustaining the objections. This contention need not be considered, for the interrogatories did not relate to the question of infringement or noninfringement of claims 7–11 by the Condenser tuners and the General tuners. Answers to the interrogatories, if they had been answered, would not

---

[7] The relief sought was injunctive relief.

[8] Leishman v. Associated Wholesale Electric Co., 9 Cir., 137 F.2d 722.

[9] Copies of the Oklahoma Court's findings of fact, conclusions of law and judgment were filed in the California court on May 29, 1947—long after these appeals were taken.

have aided Leishman in any way. Assuming, therefore, without deciding, that it was error to sustain the objections, Leishman was not prejudiced thereby.

On June 21, 1946, while the motion for a summary judgment was pending, Leishman moved for leave to file a supplemental answer, a copy of which appears in the record. The motion was denied. Leishman contends that the denial was error. This contention need not be considered, for even if the supplemental answer had been filed, still the pleadings, together with the affidavits, would have showed that there was no genuine issue as to any material fact and that Condenser and General were entitled to a judgment as a matter of law. Assuming, therefore, without deciding, that it was error to deny the motion, Leishman was not prejudiced thereby.

The supplemental answer contained unverified allegations to the effect that Condenser and General had the right to, and did, participate in and jointly control the defense of Leishman's action against Richards. These allegations were shown to be untrue by an affidavit of Maxwell James filed on July 8, 1946. Whether they would have been material, if true, need not be decided.

Leishman contends that the California court erred in enjoining him from asserting that claims 7–11 were infringed by the Condenser tuners or the General tuners and from prosecuting, except against Richards and Galvin, any action in which such infringement was asserted. There is no merit in this contention. It is well settled that, where the owner of a patent and the manufacturer of a device litigate the question whether the device infringes the patent, and the manufacturer obtains an adjudication that it does not, the owner of the patent may be enjoined from asserting such infringement and from prosecuting any action in which such infringement is asserted.[10]

Other contentions of Leishman are so obviously lacking in merit as not to require discussion.

Condenser and General contend that the California court erred in amending the judgment. As indicated above, the amendment added to the judgment two provisions—(1) that the judgment shall not be construed to mean that Leishman is enjoined from proceeding in his action against Richards, and (2) that Leishman is not enjoined from proceeding against Galvin. In view of the fact that Leishman's action against Richards was pending when Condenser and General brought their action against Leishman and the fact that a judgment was rendered in the former action before any judgment was rendered in the latter, we think that the first provision was proper.

We think that the second provision was improper. Leishman does not appear to have brought any action against Galvin, nor do we think he should be permitted to bring or prosecute, against Galvin, any action asserting that the Condenser tuners or the General tuners infringe claims 7-11 of the reissue patent. The judgment is therefore modified by striking therefrom the words "and defendant is not enjoined from proceeding against Galvin Manufacturing Company."

As thus modified, the judgment is affirmed.

[10] Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065; Marshall v. Bryant Electric Co., 1 Cir., 185 F. 499; Directoplate Corp. v. Huebner-Bleistein Patents Co., 7 Cir., 44 F.2d 783; Aleograph Co. v. Electrical Research Products, 5 Cir., 82 F.2d 625; General Chemical Co. v. Standard Wholesale Phosphate & Acid Works, 4 Cir., 101 F.2d 178; United States Galvanizing & Plating Equipment Corp. v. Hanson-Van Winkle-Munning Co., 4 Cir., 104 F.2d 856; Fretwell v. Gillette Safety Razor Co., 4 Cir., 106 F.2d 728; Crowell v. Baker Oil Tools, 9 Cir., 165 F.2d 214.