**ASHWANDER et al. v. TENNESSEE VALLEY AUTHORITY et al.**

No. 355.

District Court, N. D. Alabama, N. D.

March 19, 1936.

See, also, 8 F.Supp. 893; 9 F.Supp. 800.

Cabaniss & Johnston, of Birmingham, Ala., for plaintiffs Ashwander and others.

James Lawrence Fly, of Knoxville, Tenn., for Tennessee Valley Authority and others.

W. H. Mitchell, of Florence, Ala., for City of Florence.

DAVIS, District Judge.

It appears from the mandate of the Supreme Court of the United States, dated March 14, 1936, and filed herein March 16, 1936, that the decree entered in this court in this cause on the second day of March, 1935 (9 F.Supp. 965),

was brought into the Circuit Court of Appeals of the Fifth Circuit, by appeal and cross-appeal, and that so much of said decree as granted relief to the plaintiffs was reversed, and so much thereof as denied or failed to grant relief to the plaintiffs was affirmed by said Circuit Court of Appeals [78 F.(2d) 578]; that thereafter the said decree of said Circuit Court of Appeals was brought into the Supreme Court of the United States by writs of certiorari, was affirmed by said Supreme Court, and that this cause remanded to this court for further proceedings, not inconsistent with the opinion of said Supreme Court dated February 17, 1936. 56 S.Ct. 466, 80 L.Ed. ———. It also appears that the plaintiffs did, on March 16, 1936, tender to this court an amended and supplemental bill of complaint for allowance.

I am of the opinion that the allowance of the amendment to the original bill of complaint should be denied; that the decree, in its entirety, should be set aside; and the original bill as amended and supplemented should be dismissed.

The mandate of the Supreme Court is in effect a peremptory order to modify the decree of this court to conform with the opinion of the Supreme Court and to dismiss the bill of complaint. I have no power to allow an amendment or supplemental bill. Gulf Refining Co. v. United States of America, 269 U.S. 125, 46 S.Ct. 52, 70 L.Ed. 195; Mortgage Loan Co. v. Livingston (C.C.A.) 66 F.(2d) 636, certiorari denied 290 U.S. 685, 54 S.Ct. 121, 78 L.Ed. 590; Williams v. Ansehl (C.C.A.) 279 F. 550.

The plaintiffs seemed to be of the opinion, when they filed their application for rehearing in the Supreme Court, that the decision was an effective dismissal of their case. On page 6 thereof, they said: "The effect of the opinion is, accordingly, by the decree of unqualified dismissal, etc." Again, on page 22, they said: "The unconditional dismissal by the opinion accomplishes that result." They are not in a very good position to object to a dismissal after making those statements to the Supreme Court.

While I do not believe I have any discretion in the allowance of said amendment and supplemental bill of complaint, if, however, I have, I should, under the circumstances of this case, and do exercise it by denying the allowance of said amendment.

Now, therefore, in accordance with such mandate and said opinion of the Supreme Court, it is ordered, adjudged, and decreed, as follows:

(1) That the allowance of the proposed amendment and supplemental bill of complaint in lieu of and in addition to and supplementing the original bill of complaint be and the same is hereby denied.

(2) That the aforesaid decree rendered by this court on March 2, 1935, be, and the same is, in its entirety set aside and held for naught, as to all parties respondents to said suit.

(3) That the bill of complaint in said cause and all amendments and supplements thereto be and same are hereby dismissed, and all prayers for relief are hereby denied.

(4) That the cost in all courts be taxed against the plaintiffs.