## ASHWANDER et al. v. TENNESSEE VALLEY AUTHORITY et al.
### No. 355.

District Court, N. D. Alabama, N. E. D.
April 15, 1937.

James Lawrence Fly, of Knoxville, Tenn., for plaintiff.

Cabaniss & Johnston and Martin, Turner & McWhorter, all of Birmingham, Ala., for defendant.

DAVIS, District Judge.

The original bill in this case was filed by Ashwander and other preferred stockholders of the Alabama Power Company, hereinafter called Company. The Tennessee Valley Authority, hereinafter called Authority, the Company and others were made parties defendant. The case was tried before Judge W. I. Grubb, my predecessor. He entered a decree enjoining the Authority from carrying out with the Company a joint-power contract of January 4, 1934. (D.C.) 9 F.Supp. 965. This decree contained the following paragraph, viz., "(7) The scope of the consideration and decree herein is limited to the issues and matters covered affirmatively by this decree, and this decree is, accordingly, without prejudice as to any and all other matters." The decree made no specific reference to what is generally termed the "Power Program." The Authority appealed from this decision to the Circuit Court of Appeals for the Fifth Circuit and the plaintiffs filed a cross-appeal, contending that the decree should have included a declaratory judgment that would prevent the Authority from carrying out the power program.

The Circuit Court of Appeals decided that the plaintiffs took nothing on their cross-appeal and reversed the decree of this court enjoining the Authority from carrying out the contract of January 4, 1934. 78 F.(2d) 578.

Writ of certiorari was granted (296 U. S. 562, 56 S.Ct. 145, 80 L.Ed. 396) plaintiffs by the Supreme Court and the Court of Appeals was affirmed. Mandate of the Supreme Court was issued to this court. In pursuance thereof, I entered a decree, as follows, in so far as here relevant, "it is ordered, adjudged, and decreed: * * * (2) That the aforesaid decree rendered by this court on March 2, 1935, be, and the same is, in its entirety set aside and held for naught, as to all parties respondents to said suit.

"(3) That the bill of complaint in said cause and all amendments and supplements thereto be and same are hereby dismissed, and all prayers for relief are here-

by denied." 14 F.Supp. 11, 12. The plaintiffs appealed from this decree to the Circuit Court of Appeals for the Fifth Circuit. However, this appeal was not prosecuted and was, therefore, dismissed.

 As the case now stands, the decree rendered by me is the final disposition of the case. This decree sets aside the decree of Judge Grubb in its entirety and denies all prayers for relief. It is not inconsistent with the decision of the Supreme Court. Ashwander et al. v. Tennessee Valley Authority et al., 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688. Even if it were not consistent with said decision, it is the final decree in this case and supersedes all prior decrees. This final decree, in my opinion, effectively determines that the allegations of the bill do not entitle the plaintiffs to any relief prayed for and, in particular, determines that plaintiffs are not entitled to an adjudication of the constitutionality vel non of the power program.

The Company and others have filed a bill in the United States District Court for the Eastern District of Tennessee against the Authority and others. I will not undertake here to analyze that bill. Suffice it to say that it is not materially different from the original bill in this case, except as to the contract of January 4, 1934. A temporary restraining order was issued in the Tennessee court.

The Authority then filed an ancillary bill in this case in this court for the purpose of preventing the relitigation of law and fact previously adjudicated herein by my final decree, supra, and praying that, pending hearing herein, the Company be enjoined and restrained from further proceeding in or maintaining the Tennessee suit, from enforcing the decree of preliminary injunction in same, or interfering with the rights of the Authority under my final decree, supra.

 The petition for an injunction pendente lite was submitted upon brief and oral argument on April 14, 1937. Same having been considered, I am of the opinion that the relief should be granted. Since this case arose as a stockholders' suit, the final decree herein is binding on the Company, especially since the Company was a party defendant. See Davenport v. Dows, 18 Wall. (85 U.S.) 626, 21 L.Ed. 938.

 The Company should be enjoined from relitigating any questions of law or fact that have been determined by the final decree in this case. It is an unwarranted injustice upon a party to a suit in which the issues have been determined to be compelled to relitigate those same issues in another court. To do so would merely vex and harass such a party. This right to a restraining order is not affected by an appearance in and defense of the second suit. Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065; Aleograph Co. v. Electrical Research Products, Inc., 82 F.(2d) 625 (C.C.A.5th); Georgia Power Co. v. Tennessee Valley Authority, 89 F.(2d) 218 (C.C.A.5th) decided March 17, 1937.

I will not, as said before, analyze the bill in the Tennessee case in this opinion, but I am, after a study of same, of the opinion that the Company has set out therein substantially the same allegations as are contained in the original bill in this case, minus those allegations contained in the original bill as to the contract of January 4, 1934. The bill in the Tennessee case alleges no more actions of a definite character on the part of the Authority and interfering with the rights of the Company than were alleged in the original bill in this case. A litigation of the facts alleged in the Tennessee bill would be merely a relitigation of the matters finally determined in this case.

A decree will be drawn and rendered granting the temporary injunction.