**Robert L. HOLCOMB**

v.

**The UNITED STATES.**

No. 97–55.

United States Court of Claims.
July 12, 1956.
Writ of Certiorari Denied
Dec. 3, 1956.
See 77 S.Ct. 228.

Carl L. Shipley, Washington, D. C., for plaintiff.

Kathryn H. Baldwin, Washington, D. C., with whom was Geo. S. Leonard, Acting Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

Plaintiff, a veteran preference eligible with civil service status, has brought this suit to recover back pay from March 31,

1949 to February 5, 1951,[1] on the basis of an alleged wrongful separation from the War Assets Administration, and an alleged unlawful denial of a right to re-employment in the General Services Administration. The case is before the court on motions by both parties for summary judgment together with supporting affidavits and exhibits.

On March 15, 1949, the War Assets Administration pursuant to a reduction-in-force action notified plaintiff that his last day of active duty would be March 31, 1949, and that after that day he would be carried on an annual leave status to December 23, 1949, and after that on furlough status through March 14, 1950. On appeal the Civil Service Commission upheld plaintiff's separation.

Plaintiff's separation as well as the dismissal of thousands of employees in the War Assets Administration resulted when Congress on June 30, 1948, 62 Stat. 1202, provided for the abolition of that agency by February 28, 1949. This date was later extended to June 30, 1949, 63 Stat. 6, 50 U.S.C.A.Appendix, § 1614a note. The agency requested and was granted authority by the Civil Service Commission to apply the special provisions of 5 CFR (1949 Ed.) § 20.12, 12 F.R. 3649, in reducing its staff. This regulation headed "Special regulations on liquidation" reads in part as follows:

> "Whenever it has been determined that all functions and all positions in an entire department, an entire governmental entity, or an entire competitive area are to be abolished within a specified time period, actions may be taken in regard to individual employees at different dates at administrative discretion: *Provided, however,* That no employee with veteran preference shall be relieved from active duty before any competing employee in a lower retention subgroup is relieved from active duty, where their positions are immediately interchangeable: * * *."

Reductions under this regulation required only that the agency observe subgroup standings within *competitive levels*. So-called "bumping rights" or reassignment rights to other competitive levels which would be present if a continuing agency were involved were not granted by the Commission. See 5 CFR (1949 Ed.) § 20.9.

With the demise of the War Assets Administration on June 30, 1949, its remaining functions and personnel which had not been dismissed were transferred to the General Services Administration, 63 Stat. 377, 379, 381, 5 U.S.C.A. § 630c, for the purpose of further liquidation. It was necessary for the W.A.A. to keep some personnel for liquidation purposes.

Although the plaintiff in opposition to defendant's motion for summary judgment has filed a cross-motion to the same effect, his initial position is that summary judgment does not lie because of the presence of questions of material fact which require a trial. These questions, plaintiff urges, are: (1) Whether in the light of the fact that functions of the War Assets Administration were transferred to the General Services Administration the former was not liquidated but was in fact a continuing agency, and (2) whether an employee with less retention credits than plaintiff was retained in a job which was interchangeable with plaintiffs within the meaning of 5 CFR 20.12, supra.

That the War Assets Administration ceased to be an agency on June 30, 1949 is quite apparent. The act of June 30, 1948, supra, stated "Effective February 28, 1949, [later extended to June 30, 1949] the Office of the War Assets Administrator is abolished and the War Assets Administration shall cease to exist as an agency of the Government * * *." The Federal Property and Administrative Services Act of 1949, 63 Stat. 377, 381, which created the General Services Administration provided with

---

1. On this date plaintiff secured employment with the Department of the Army.

respect to the War Assets Administration as follows:

"Transfer for liquidation of the
Affairs of War Assets
Administration

"Sec. 105. The functions, records, property, personnel, obligations, and commitments of the War Assets Administration are hereby transferred to the General Services Administration. The functions of the War Assets Administrator are hereby transferred to the Administrator of General Services. The War Assets Administration, the office of the War Assets Administrator, and the office of Associate War Assets Administrator are hereby abolished.

While certain of the remaining functions of the War Assets Administration were transferred to the General Services Administration, they were transferred for the purposes of liquidation. Plaintiff points to no evidence other than the fact that the same individual who was War Assets Administrator became General Services Administrator, nor to the source of any evidence which would, despite the language of these statutes, establish the fact that the War Assets Administration was in fact a continuing agency.

With respect to the second question, defendant, in its answer to the petition, alleges that at the time of plaintiff's separation all other employees in the same competitive level had been separated from active duty, and that no employee with a lower retention status was retained in plaintiff's competitive level.

■ This allegation being contra to the allegations contained in plaintiff's petition certainly raises a question as to a material fact. However, it is to resolve such questions and permit the disposition of cases on motion for summary judgment that the filing of affidavits and exhibits is permitted. It is the filing of these supporting papers which distinguish the summary judgment procedure from that of a motion to dismiss or motion for judgment on the pleadings.

Therefore, to resolve this issue and support its allegation the defendant accompanied its motion with an affidavit by one Edward V. Kline, an official of the War Assets Administration office in New York where plaintiff was employed, which affidavit reads in pertinent part as follows:

"2. On March 15, 1949, I was Chief of the Employee Development Branch in the Office of Personnel, and operating Assistant Personnel Officer for War Assets Administration, Region II, of New York; and my official duties in such capacities included responsibility for the conduct of reductions in force in said agency.

"9. When Robert L. Holcomb received his notice of separation on March 15, 1949, he was the only employee remaining on his retention register. Every other employee in this competitive level had received notice of separation prior thereto."

Plaintiff has filed no counter-affidavits nor has he indicated a possible source of evidence which was not available to him at the time he filed his reply or at the time of the submission of this case. In the absence of such a showing the above affidavit must be accepted as resolving the question. Lindsey v. Leavy, 9 Cir., 149 F.2d 899; DeLuca v. Atlantic Refining Co., 2 Cir., 176 F.2d 421, 423; Orvis v. Brickman, 90 U.S.App.D.C. 266, 196 F.2d 762, 765; and Leishman v. Radio Condenser Co., 9 Cir., 167 F.2d 890. Compare Albert Dickinson Co. v. Mellos Peanut Co., 7 Cir., 179 F.2d 265, 268.

■■ Since the War Assets Administration was at the time of plaintiff's separation in a stage of liquidation pursuant to Congressional mandate, that agency was entitled to utilize the procedure provided by 5 CFR 20.12, supra, in reducing its staff. Under this regulation plaintiff, as a veteran, could not be removed from active duty "before any competing employee in a lower retention subgroup is relieved from active

duty, where their positions are immediately interchangeable." At the time of plaintiff's separation he was the only employee remaining on his retention register. Every other employee at his competitive level had received notice prior to him. In short, plaintiff was the only employee at his competitive level, thus subject to be removed "at administrative discretion."

Nor does section 12 of the Veterans' Preference Act, 58 Stat. 390, 5 U.S.C.A. § 861, which governs reduction in force procedures, grant plaintiff any further preference. That statute like the above regulation speaks of "competing employees" which of course would be employees at the same competitive level and on the same retention register.

The fact that plaintiff at the time of the receipt of his notice of separation was the sole remaining employee at his competitive level makes immaterial the question as to whether his retention credits had been properly computed by the War Assets Administration.[2]

■■ If plaintiff was effectively separated from the War Assets Administration prior to June 30, 1949, it follows that he had no reassignment rights in the newly created General Services Administration under either the Veterans' Preference Act, *supra,* or the regulations of the Civil Service Commission. The act provides that when "any or all of the functions of any agency are transferred to, or when any agency is replaced by, some other agency, or agencies, all preference employees in the function or functions transferred or in the agency which is replaced by some other agency shall first be transferred to the replacing agency, or agencies, for employment in positions for which they are qualified, before such agency, or agencies, shall appoint additional employees from any other source for such positions." The regulation, 5

CFR (1949 Ed.) § 20.6(a), provides that upon the transfer of one department to another there shall be transferred the veteran preference employee "assigned to any such function." We hold that in order for an employee to come within either the statute or the regulation that he be employed at the time the transfer takes place. As applied here, the only employees of the War Assets Administration who would come within that meaning would be those employees who had not been effectively separated from the War Assets Administration prior to June 30, 1949. It was on this basis that plaintiff's appeal, as well as the appeals of other War Assets Administration employees, were denied by the Civil Service Commission. The Commission took the position that only those employees who had received their notice of separation subsequent to June 1, 1949, were entitled to be considered for reassignment in the General Services Administration. Those employees having not had a 30-day notice prior to the date on which the agency was abolished were held not to have been effectively separated from the agency. Plaintiff having received his notice of separation on March 15, 1949, with his last day of active duty to be March 31, 1949, and then carried on an annual leave status through December 23, 1949, was effectively separated prior to June 30, 1949. On that date he was not employed in any function of the War Assets Administration.

Section 12 unlike section 14 of the Veterans' Preference Act, supra, which pertains to separation for cause, contains no provision for a 30-day notice but only requires that reductions in force be made in accordance with Civil Service Commission regulations. Those regulations do not require a 30-day active duty notice, 5 CFR (1949 Ed.) § 20.10.

Plaintiff's petition will be dismissed.

It is so ordered.

---

2. Although plaintiff contends that the War Assets Administration failed to credit him with time spent in the military service as required, a computation by the Civil Service Commission of plaintiff's length of service, including that spent in the military, shows that he was actually credited with more service than he actually had.

JONES, Chief Judge, and LARAMORE and WHITAKER, Judges, concur.

MADDEN, Judge (dissenting).

Section 12 of the Veterans' Preference Act provides:

"* * * when any or all of the functions of any agency are transferred to, * * * some other agency, * * * all preference employees in the function or functions transferred * * * shall be first transferred to the replacing agency, * * * for employment in positions for which they are qualified, before such agency * * * shall appoint additional employees from any other source for such positions."

On June 30, 1949, the personnel, functions, and records of the War Assets Administration were transferred to the General Services Administration, which was that day created. The fact that the transfer was for liquidation purposes does not seem important, since the purpose of the War Assets Administration had been liquidation. On that day the plaintiff was on annual leave from the War Assets Administration, a status which he would occupy until some time in December.

The Civil Service Commission held that because the plaintiff was not at work on June 30, 1949, the quoted language of section 12 gave him no rights. I see no reason for such a narrow construction of section 12. It is not, after all, an interference with the freedom of management of administrators to say to them that if functions are transferred to their administration, those who have been performing those functions should get the jobs of performing them in the new agency.

An employee on annual leave, even if he has received a notice that his employment and pay will be terminated at the expiration of his leave, is still a Government employee, and is being paid only because he is a Government employee. A normal reading of section 12 would give him the rights created by that section.