Arthur NOVOGROSKI

v.

The UNITED STATES.

No. 352–55.

United States Court of Claims.

July 12, 1957.

J. H. Krug, Washington, D. C., for plaintiff.

Kathryn H. Baldwin, Washington, D. C., with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This case comes before us on cross-motions for summary judgment and plaintiff's motion for leave to amend his petition. The motion for leave to amend the petition is hereby granted, and the cross-motions for summary judgment will be herein treated with respect thereto.

Plaintiff, a World War II veteran, sues for salary claimed to be due him by reason of the defendant's alleged wrongful action in separating him from Government service, by reduction in force, and later denying to him reinstatement rights due under the law and regulations. The facts as alleged in the petition and shown by affidavits and exhibits attached to the motions are as follows:

On January 1, 1943, classified status was conferred upon the plaintiff while he was serving in the position of Associate Attorney, Office of Regional Attorney, Department of Labor, Boston, Massachusetts. After serving in the Armed Forces, plaintiff returned to the Department of Labor in 1946 and occupied the position of Attorney at grade GS-12. Effective May 27, 1951, he received a Notification of Personnel Action which indicated his temporary promotion to grade GS-13, Attorney (Supervisory). Thereafter plaintiff left the Department of Labor with reemployment rights to accept an indefinite appointment in the Boston Regional Office of Price Stabilization, effective June 24, 1951. On August 27, 1951, he accepted an indefinite appointment at grade GS-14 in the Regional Office of the Wage Stabilization Board.

During the period in which plaintiff was away from the Department of Labor, the position of Regional Attorney in the Boston office was occupied by one George H. Foley. Mr. Foley was not a veteran, but he held civil service status. On October 18, 1951, Mr. Foley left the position of Regional Attorney, with reemployment rights to accept an appointment as Regional Counsel with the Wage Stabilization Board. Thereupon plaintiff requested an appointment to the position vacated by Mr. Foley, and on October 13, 1952, he became Regional Attorney, Boston Office, Department of Labor, at GS-15.

Sometime in February 1953, Mr. Foley advised the Department of Labor that he had been given a reduction-in-force notice by the Wage Stabilization Board and that he desired to exercise his reemployment rights to his former position as Regional Attorney. A retention register was compiled as of March 1, 1953, which showed that Mr. Foley had a higher

amount of retention points or credits for the position of Regional Attorney than the plaintiff and was therefore entitled to reemployment to that job. The plaintiff was given a reduction-in-force notice separating him effective May 9, 1953. Mr. Foley took over the job of Regional Attorney on April 1, 1953.

By letter dated March 20, 1953, plaintiff appealed his reduction in force to the Civil Service Commission and requested a hearing. He maintained that his appointment to the position of Regional Attorney on October 13, 1952, was permanent and therefore his classification on the retention register should have been higher than that of Mr. Foley.

Pursuant to a request from the Regional Director of the Civil Service Commission, the director of personnel of the Department of Labor stated in a letter of April 3, 1953, the reasons for plaintiff's reduction in force and Mr. Foley's reemployment in the position of Regional Attorney. The letter, among other things, stated that Mr. Foley had been promoted to the position of Regional Attorney on May 24, 1943, and that he had acquired civil service status on March 1, 1947; that on August 31, 1950, he had been promoted to grade GS-15 by reason of reclassification of his position and therefore had a permanent grade level of GS-15 under the Whitten Rider;[1] that plaintiff's permanent grade level for Whitten Rider purposes was grade GS-12; that plaintiff's promotions from grade GS-12 to GS-13 and from GS-13 to GS-14 were indefinite by reason of the express provisions of the Whitten Rider; that at the time of plaintiff's return to the Department of Labor on October 13, 1952, and his appointment as Regional Attorney, such appointment was on a temporary basis.

On May 15, 1953, a hearing was held at Boston before a Civil Service Commission appeals examiner. The examiner found that Mr. Foley was promoted to the permanent position of Regional Attorney GS-15 on August 31, 1950, prior to the effective date of the Whitten Rider, September 1, 1950, and that when he left the position to take up duties in a defense agency he had reemployment rights to the GS-15 Regional Attorney job. It was further found that plaintiff did not hold the position of permanent GS-15 Regional Attorney at the time of his reduction in force and thereby did not have more retention points than Foley who did hold the position on a permanent basis. In approving this finding the regional director of the Civil Service Commission stated to the plaintiff:

"We find from the evidence that your last permanent position was Attorney GS-13 in the Office of the Solicitor, Department of Labor, Boston, Massachusetts, and that you were at no time promoted permanently to any position of higher grade subsequent to September 1, 1950, the effective date of Section 1302 of the Supplemental Appropriation Act of 1951 [Whitten Rider]. It is the opinion of this office that you were properly listed in Retention Sub-group IIA—Career Conditional—in the position of Regional Attorney GS-15 on the date of your reduction in force notice."

Plaintiff was also denied rights to reassignment to a position of Attorney GS-13 on the ground that the position

1. The Whitten Rider was first enacted in the Supplemental Appropriation Act 1951, section 1302, 64 Stat. 1044, 1066. It stated:

"(a) In making appointments in the Government service the Civil Service Commission shall make full use of its authority to make temporary appointments in order to prevent increases in the number of permanent personnel and

no employee in the Federal civil service promoted, transferred or appointed to a position of higher grade shall be eligible, in the event of separation from the service through reduction in force, to reinstatement at a grade above the grade held by such employee on September 1, 1950; and all reinstatements, transfers or promotions to positions in the Federal civil service shall be temporary and * * *."

was excepted from the competitive service and that under the Commission's regulations reassignment rights are limited to positions in the competitive service and therefore reassignment in lieu of separation was not required.

At the hearing upon which the above findings and decision were based, evidence was introduced to show that Foley was effectively promoted to the GS-15 Regional Attorney's job on August 31, 1950. Plaintiff attacked this evidence on the ground that certain records and administrative data concerning the promotion were dated much later than August 31, 1950. There was also a question of an erasure on one of the forms which would seem to cast some doubt upon the authenticity of Foley's promotion date. Plaintiff also attempted to show that his appointment to the position of GS-15 Regional Attorney was permanent. In order to do this he introduced statements by former Secretary of Labor Tobin and Solicitor of Labor Tyson to the effect that they thought that plaintiff was to be given a permanent position.

The plaintiff appealed the adverse decision of the Regional Director to the Commission's Board of Appeals and Review. This board directly concerned itself with the apparent inconsistency in the records of Foley's promotion. After a review and investigation the Board affirmed the regional director and later denied plaintiff's request for a reopening of the case.

During the period in which plaintiff's appeal was pending, the position of Regional Attorney became vacant due to the resignation of Mr. Foley. Plaintiff requested that he be reemployed to this position and this was denied. The position remained vacant for a period of more than one year from the time that plaintiff had received his reduction-in-force notice. Plaintiff alleges in his amended petition, filed in this court, that the Department of Labor held the position open during that period for the express purpose of denying him priority reemployment rights.

Defendant's motion for summary judgment asks that plaintiff's petition be dismissed since there is no genuine issue of fact to be found and that as a matter of law the defendant is entitled to judgment. Plaintiff on the other hand resists the motion of the defendant contending that there are issues of fact to be decided and that these facts are (1) that there was arbitrary action on the part of the Civil Service Commission in determining that Foley was permanently promoted to the Regional Attorney's job, GS-15, on August 31, 1950; (2) that the appointment of the plaintiff to the position of Regional Attorney, GS-15, on October 13, 1952, was permanent; and (3) that plaintiff's priority rights were violated because the Department of Labor did not reemploy him when Foley resigned. Plaintiff then moves for summary judgment based upon the premise that his procedural rights were denied him when certain documents which he had requested from the defendant were not forthcoming.

The rights to the job of Regional Attorney in the Department of Labor, as between the plaintiff and Mr. Foley, hinge solely on the question as to whether one or the other, or both, held the position on a permanent basis. Since plaintiff was a veteran and Foley was not, plaintiff's retention rights would be superior to Foley's if they were both classified the same.

The Whitten Rider, footnote 1, supra prohibited the making of appointments, promotions, or transfers in the Federal Civil Service other than on a temporary basis. If Foley's promotion to the GS-15 Regional Attorney was made after the effective date of the Whitten Rider then he would necessarily have to hold the position on a temporary basis and his retention rights would be subordinate to the plaintiff's, even if we were to hold that plaintiff was also only temporarily in the job. If plaintiff's appointment to the position was permanent, as contended, then it would make no difference whether Foley held the position on a permanent or temporary basis be-

·cause plaintiff's preference rights as a 'veteran would give him higher retention 'credits.

While there was some question as to the date that Foley was promoted to the GS-15 Regional Attorney's position, there is nothing in the record, now before this court, to show that the Civil Service Commission was arbitrary in making its determination that the promotion took place prior to the passage of the Whitten Rider. The Commission expressly went into the records to make its determination and concluded in favor of Foley. There was sufficient evidence presented to substantiate such a finding and on this basis we cannot say that the Commission acted arbitrarily. Unless arbitrary, the decision of the Commission is final. Eclov v. United States, No. 345–54, decided January 16, 1957.

We also feel that the Commission was correct in concluding that under existing law the appointment of the plaintiff to the position of Regional Attorney, GS-15, on October 13, 1952, was temporary. At the time plaintiff was appointed to the position of Regional Attorney an amendment to the Whitten Rider was in effect, section 1310(a), Supplemental Appropriation Act, 1952, 65 Stat. 736, 757, 5 U.S.C.A. § 43 note which stated in part:

"*Provided,* That any position vacated by a permanent employee called to military service or transferred to a national defense agency shall not be filled except on a temporary or indefinite basis."

The Whitten Rider was further amended in the Third Supplemental Appropriation Act, 1952, section 1302, 66 Stat. 101, 122, 5 U.S.C.A. § 43 note, which added the following:

"*Provided further,* That any agency may promote any employee permanently to a position if such promotion will not increase the number of employees holding permanent positions in the grade of such position in such agency above the number in such grade in such agency prior to September 1, 1950: * * *."

Defendant says that the language of the first amendment specifically applies in this case since at the time that plaintiff was appointed to the job, Foley had been transferred to a national defense agency and therefore under no circumstances could plaintiff's appointment be permanent. Plaintiff on the other hand says that under the second quoted amendment he could have been permanently appointed because there is no finding that his appointment would increase the number of permanent positions in that grade and that the restrictions imposed upon appointments, where the incumbent had been transferred to a defense agency, is applicable only to initial appointments and not to his case. In other words, the plaintiff is saying that he was promoted to the Regional Attorney's job and not appointed. We do not need to decide whether the restrictions on filling the position applies only to initial appointments and not to promotions, because plaintiff was appointed and not promoted to the job. In section 4.301(a) (10) of 5 CFR (1949 Supp.) the term promotion is defined by the Civil Service Commission as follows:

" 'Promotion' means a change from one position to another position of higher grade or higher minimum salary *while serving continuously within the same agency.*" [Italics supplied.]

Under this definition of promotion, which we have reason to believe is correct, plaintiff's accession to the position of Regional Attorney would not qualify as a promotion since at the time he assumed the job he was not serving with the Department of Labor, but was on duty with the Wage Stabilization Board. The express wording of the statute therefore bars plaintiff's appointment as Regional Attorney from being anything but temporary. The Commission was not arbitrary in so determining.

On the question of plaintiff's right to reassignment, when it was determined that Foley had superior rights to the Regional Attorney's job, we think that the Civil Service Commission was again correct in finding that plaintiff had

no such rights. At the time that plaintiff was separated from the Government service there were several attorney positions in the Boston Office. All of these positions were occupied on excepted appointments and not in the competitive service. Section 12 of the Veterans' Preference Act of 1944, 58 Stat. 387, 390, 5 U.S.C.A. § 861, does not give a veteran the right to displace other employees from their jobs where it is necessary to cross competitive levels to do so, Holcomb v. United States, 146 F.Supp. 224, 135 Ct. Cl. 612.

Another contention of the plaintiff is that when Foley resigned the position of Regional Attorney in July 1953, he (the plaintiff) was entitled as a matter of right to be reemployed in that job. At the time that plaintiff was separated from Government service, he was notified that his name would be placed, in accordance with Commission regulations, on a reemployment priority list within the Department of Labor for all competitive service positions in his competitive field and that his name would remain thereon for one year. There is nothing in the law or regulations that requires a position be filled within the 1-year period for which the name remains on the list. Plaintiff, however, alleges that the Department of Labor kept the job open until his priority reemployment time expired for the express purpose of depriving him of his rights thereto. There is nothing in the record to support such an allegation and, in fact, an affidavit by the Solicitor of Labor gives good and adequate reason for the Department's failure to immediately fill the position. We therefore hold that plaintiff's priority reemployment rights were not abridged.

The last issue and contention for which plaintiff has cross-filed for summary judgment is based upon alleged denial of procedural rights guaranteed by regulation. The regulation in question is Section 20.4(d) (3), 17 Fed.Reg. 11735, which states:

"*Availability for inspection.* Employees notified of proposed adverse action in a reduction in force shall have an opportunity to examine retention registers and other records which have a bearing on the actions in their cases."

Plaintiff says that he was given certain duplicate originals and photostatic copies instead of the originals of papers which he requested to examine, and that other documents were not produced at all. It is apparently plaintiff's position that had he been able to use all of the originals he would have been able to prove that Foley's promotion to the Regional Attorney's job was effected at a date other than that found by the Commission. We think that in a case such as this, which raised issues of the validity of certain documents, the plaintiff should have been afforded an opportunity to inspect the original papers if they were available. Generally photostatic copies or duplicate originals will suffice, but this is not true in all situations such as the one herein presented. However, in light of the fact that the Commission in making its determination did consider the validity and correctness of Foley's appointment, we do not feel constrained to upset the Commission's findings for a procedural defect. It appears from the record that the papers that were shown to the plaintiff raised the same questions as if they had been the originals, and therefore plaintiff's case was not prejudiced by denial of the originals. Plaintiff's further contention that the Commission's hearing and appeal proceedings violated basic concepts of fair play and deprived plaintiff of his right to appeal is without merit and will not be discussed, inasmuch as we now uphold the findings of the Civil Service Commission.

Plaintiff's motion for summary judgment is denied. The defendant's motion for summary judgment is granted, and the petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.